## HILLSBOROUGH, APRIL TERM, 1819.

~~~

### BENJAMIN WHITTEMORE *versus* AMOS WHITTEMORE.

If an agreement be made by bond to submit all demands to arbitration, and only part of those existing between the parties are laid before the referees, an action lies for a breach of the agreement.

But the award on such demands as were actually laid before them is binding, and in a subsequent action at law for those not laid before them, the award is not a conclusive bar to a recovery.

THIS was assumpsit on an account annexed. The defendant pleaded, first, the general issue, and, secondly, in bar, for that the parties, after the date of the charges in the account annexed, agreed, by bond, to submit all demands to the arbitrament of certain referees, who, previous to the commencement of the present action, had awarded upon the premises. The plaintiff joined the first issue tendered, and to the second replied, that the charges in the account annexed were not laid before the referees, nor embraced in their award. To this replication, there was a general demurrer and joinder.

*Noyes,* counsel for the plaintiff.

*R. Fletcher,* for the defendant.

WOODBURY, J. In the consideration of this case, it is to be kept in constant remembrance, that the submission was

not a judicial proceeding, by a rule of court, or by an agreement signed and acknowledged before a magistrate; but by a private contract between the parties. The submission, also, was not special, but of all demands, generally.

The first material question concerns the validity of the award. It has been held, that where a submission enumerates the specific subjects referred, and enjoins, that the arbitrators act *upon the premises*, and some of the subjects are not acted on, the award is bad. *Kyd on Awards* 181.— 7 *East* 81.—*Cro. Eliz.* 839, *Risden vs. Inglet.*—14 *John.* 106.

The reasons seem to be, that a submission, when thus expressed, makes the decision of every item specified a condition precedent to the award; and, also, if not decided, when thus specially enumerated, there must have been such gross neglect, either in the parties or the arbitrators, as ought to avoid the award.

In the present case, however, the submission was not of this character, else, the whole award being void, there would, on the merits, be no bar to a recovery of every thing submitted, unless we adopted the less rigid chancery rule, that, if the omission of some of the subjects specified did not appear injurious to either party, the award should still be binding in respect to those subjects, whose consideration was not omitted. 7 *Cranch* 171, *Davy's Extors. vs. Faw.*

This submission was a general one; and, in such an one it has been held, even at law, that the award is not void, if it embrace all the subjects actually laid before the arbitrators, though other demands existed between the parties, which were not laid before them. *Kyd on Aw.* 176.—1 *Burr.* 274.—*Cro. Ja.* 200, 355.—8 *Coke* 195.—*Cro. El.* 839.— 2 *Gallison* 77.—*Sed.* 16 *East* 58, *Mitchell vs. Stavely.*

The reasons seem to be, that in such case there is no enumerated item omitted, which, as a condition precedent, was to have been adjudicated; and though the agreement may in some sense be broken, as all demands are not actually laid before the arbitrators and settled; yet this does not arise from neglect in the arbitrators, who, in a general submission, are of course unacquainted with any demands not

exhibited. It often happens, too, without neglect in either of the parties ; because the demands, not being specified, some may be omitted by forgetfulness, mistake, or accident ; and, indeed, some existing demands may be unknown to the party himself who is interested, as a recent and secret injury to his property by his antagonist ; or a right, accrued to legacies in the hands of the latter, or from conditions just happened.

To prevent injustice in such cases and to give redress where one, by craft, conceals a secret cause of action so as to avoid the award afterwards, if not acceptable ; (8 *Coke* 195, *Baspole's case*) the award may well be held good on all subjects actually adjudicated ; and the parties be left to their actions at law for those not adjudicated. But whether, on principle and authority, such actions can be sustained, when the award is adjudged valid and is pleaded in bar, is the remaining question for consideration.

It is admitted by the pleadings, that the demand in suit has not in fact been paid. It is, also, admitted, that it was not examined and allowed by the arbitrators ; nor is there any pretence, that it has been discharged in any way except by the operation of a technical principle, rendering it, as contended by the defendant, *rem adjudicatam.* That technical principle is fully illustrated in the cases of *Tilton vs. Gordon—Robison vs. Crowninshield,* (1 *New-Hamp. Rep.* 35, 76) and the authorities there cited. See also, 1 *John. Cases* 436.—14 *John.* 63, 377, 466.—15 *Mass. Rep.* 207.—1 *Wm. Bl.* 221.—1 *Scho. & Lef.* 201.—1 *Wheaton Rep.* 452.—*Justin. Inst.* 594.*

It is not argued, that the demand in suit is, in fact, *rem adjudicatam,* but that it should have been ; and, the presumption of law being that it was, this presumption cannot be rebutted. 2 *Hen. Bl.* 516.—*Philips Ev.* (*Apx.*) 15.

But we apprehend, that such a presumption arises only where the demand in suit has been the specific subject of a former action between the same parties ; and, in all other cases, that it may be rebutted by evidence of the truth.

* 17 *John.* 400, 384.—18 ditto 534.

This demand, however, has not been the subject of any former *action* between these parties. No action has before been instituted or tried. A mere private agreement to refer, and an award in consequence of it, have none of the "incontrolable verity" and few of the legal presumptions, which belong to proceedings in courts of record.

If the agreement be altogether broken by a neglect, or refusal, to submit any thing, no presumptions arise in bar of the demands, but an action lies on the agreement for such damage as may have been sustained by the breach. *Kyd on Aw.* 13, 14.—1 *Wils.* 129, *Hill vs. Hollister.*—8 *D. & E.* 139.—6 *Vez. Jr.* 815.—7 *East* 68.*

If the agreement be broken only in part, that is, by a neglect to submit a portion of the demands then existing, the remedy is similar; and is governed by the principles, which govern other remedies for breaches of other executory agreements.(1) The failure of analogy between such a reference and an action is well illustrated in the difference between the legal effect of an award and of a judgment on the subjects to be litigated.

(1) 5 Mass. R. 337 Semb.

Thus we have already seen, that, where the submission was special, and an item omitted before the arbitrators, the award is a mere nullity, and bars none of the claims; on the contrary, where the declaration was special and a part of the claim omitted before the jury, the judgment is incontrovertible and a bar to the whole.

Secondly, this demand has not been the *specific subject* of either a former reference or action. The former reference was general.

It will be seen, however, that in *Tilton vs. Gordon;* in *Brockway vs. Hurry,*(2) and in *Reed vs. Jackson,*(3) that the declaration in the former actions was special. 1 *Strange* 12, 59.

(2) 2 John. R. 210.
(3) 1 East 335.

And wherever the subject to be contested is thus set out, there is no peculiar harshness in a presumption, that, on trial, the whole of it was litigated, and is, therefore, barred. For if any part of it was in fact omitted, it probably hap-

* 16 John. Rep. 205.—18 ditto 228.

Whittemore
vs.
Whittemore.

pened by such gross carelessness, as ought to be punished by a loss, or by such accident, as leaves the sufferer entitled to redress by a new trial.   14 *John. Rep.* 63, *Simpson vs. Harper.*

(1) 1 Es. Cas. 401, & 6 D. & E. 607.
(2) 2 John. R. 227.

On the contrary, in *Seddon vs. Tutop,*(1) and in *Snider et al. vs. Croy,*(2) the declaration in the former actions was general ; and hence they were not held to bar subsequent ones for claims omitted.   *Hale's Com. Law* 43.

Parol evidence was admitted to show, that the subject matter of the second suits was not actually litigated in the first ones ; and this must of necessity be the practice so long as general declarations are used for money, or for labor performed, or for goods sold and delivered.   Specifications are not always required ; the dates and sums in the declaration are for the most part merely formal ; and, when the party suing had two distinct claims of a like character, it is often impossible to determine, except by parol evidence, whether both claims were, or, if not both, which of the two was, litigated in the first action.   2 *Chitt. P.* 418 *note.*

We think, also, that the general principles, adopted by us in the present case, are strengthened by the following authorities.   4 *D. & E.* 146, *Ravee vs. Farmer, note.*—5 *Mass. Rep.* 337, *Webster vs. Lee.*—7 *Mass. Rep.* 359.—1 *Root's Rep.* 458, 479.—*Digests b.* 4, *t.* 8, *s.* 6.

Opposed to them, is the case of *Wheeler vs. Van Houston ;*

(3) 12 John. R. 319.

(3) though, at the same time, it holds concerning actions, that " if a person sues upon several and distinct causes of " action, and submits only a part of them to the jury, he is " not precluded from suing again for such distinct cause of " action as was not passed on."

In respect to the last case, it deserves further remark, that the important principle seems to be overlooked, that courts of law possess no authority to enforce a specific performance of executory agreements.

*Replication adjudged good.*