##### IN THE

## SUPERIOR COURT OF JUDICATURE.

###### FOR

## THE COUNTY OF MERRIMACK, AUGUST TERM,

### A. D. 1827.

## Benjamin Pritchard *versus* Simeon Atkinson.

In a writ of entry judgment was rendered in favor of the demandant and
the tenant having sued out a writ of review, died pending the review—
it was held that the writ of review was abated by the death of the tenant.

THIS was a writ of entry in which the demandant
counted upon his own seizin of land in Boscawen, and
upon a disseizin by the tenant.

The cause had been tried upon the general issue, a
verdict had been returned, and a judgment had been ren-
dered thereon, in favor of the demandant, when Atkin-
son, having sued out this writ of review and entered the
same here, died.

*Woodbury*, now moved the court, that the administra-
tor of Atkinson might be admitted to prosecute the writ
of review.

*Mason*, for Pritchard, objected that the right to the land
did not survive to the administrator, and of course the
remedy could not survive to him. The statute of June
21, 1797, 1 N. H. Laws, 108, provides that "actions of

ejectment" shall not abate by reason of the death of either party. But if by *"actions of ejectment"* writs of entry were here intended, the provision can be applied only to the case of a writ of entry brought to obtain possession of land under a mortgage ; in which case, as the debt secured by the mortgage belongs to the administrator, the remedy has been holden to survive to him. 2 N. H. Rep. 71, *Bickford* v. *Daniels.* In no other case can an administrator, as such, maintain a writ of entry, and for the very plain reason that in no other case has he any interest in the real estate.

*By the court.* The general rule is, that in a writ of entry, if the demandant or tenant die pending the suit, neither the heir, nor the executor or administrator can prosecute or defend, but the writ necessarily abates. Stearns on Real Actions, 199 ; 2 Mass. Rep. 480 ; Com. Dig. "Abatement" H 32—34.

It is also a general rule that executors and administrators cannot maintain an action to recover seizin of the land of their testators or intestates ; because in general they have no interest in the real estate. 2 N. H. Rep. 72 ; 3 N. H. Rep. 306.

To this rule, however, estates of testators or intestates in land holden by them in mortgage, form an exception, and it has been holden that an executor or administrator may maintain a writ of entry upon a mortgage. 2 N. H. Rep. 27 ; 16 Mass. Rep. 18, *Smith* v. *Dyer* ; Stearns, 258.

It has however been supposed that where the statute of June 21, 1797, to which counsel have alluded, declares that "actions of ejectment" shall not abate by the death of either party, writs of entry were intended. But if this supposition be well founded, it is clear that the provision can be applied only to the case of mortgages, in which executors and administrators have an interest, and not to other real estate with which they have no concern, and will form only an exception to the general rule first abovementioned.

<div style="margin-left:2em; font-style:normal">Prichard<br>*v.*<br>Atkinson.</div>

It is settled, that a writ of review is affected by the death of a party in the same manner as an original writ. We are therefore of opinion, as it is not suggested that the demandant's title is under a mortgage, that the administrator of the tenant cannot be legally admitted to prosecute the review.