## Elliott *vs.* Quimby.

Where accounts between the parties were submitted to arbitrators, a portion of which were in suit and secured by attachment, and an award was made of a certain sum to be paid to the plaintiff, otherwise the action should proceed, which payment was refused—*Held*, that the submission and award was no bar to the maintenance of the suit.

Where an auditor was appointed in such case, who merely reäffirmed the award of the arbitrators, which included in it matters not in suit, the report was set aside.

Assumpsit, on account annexed to the writ, and for use and occupation.

After suit brought, and before the same was entered, the parties submitted the accounts between them to arbitrators, who awarded $12.41 to the plaintiff, and costs. An attachment of property had been made upon the writ, and the award provided that the action should not be estopped until the $12.41 was paid, and that the award should remain in the hands of one of the arbitrators until this condition was complied with.

The sum awarded was not paid, and at the term of court at which the writ was returnable the action was entered. The defendant plead the general issue with notice of set-off, and also the award, in bar of the farther maintenance of the action.

An auditor was appointed by the court to state the accounts between the parties. On the hearing before the auditor, evidence was offered of the submission of the accounts of the parties to arbitrators, and their award, and the auditor reported affirming the award as conclusive in the suit.

In the accounts presented to the arbitrators, various items were considered and allowed, which were not embraced in the present suit.

The plaintiff moved for judgment on the report of the auditor, but the defendant objected. 1. Because the award was binding on the parties, and was a bar to the farther maintenance of the suit. 2. That the auditor's report was void, because various matters were considered in it which were not included in the present suit.

On these exceptions the case was transferred to this court, for such order thereon as the court should direct.

*Bellows*, for the defendant. A general submission of a cause to arbitrators, is a dismissal of the suit. 6 *Cowen* 399, *Ex parte Wright*. This is the case, although the arbitrators have done nothing. The court will not look beyond the submission. 2 *Wend.* 505, *Larkin* vs. *Robbins*. If, before plea pleaded, all actions be submitted to arbitration, the defendant may plead the fact in bar of the further maintenance of the suit. 12 *Wend.* 503, *Towns* vs. *Wilcox*.

It is also held, that where there is a submission of all demands which either party had against the other, the award is a conclusive bar to an action for any demand subsisting at the time of the submission and award. 12 *Johns.* 311, *Wheeler* vs. *Van Houten*.

*Ainsworth*, for the plaintiff.

Upham, J. It is undoubtedly correct that an agreement for the submission of a cause is ordinarily a discontinuance of the suit; and that, as a general rule, where there has been

a submission of all demands, an award is conclusive against a suit on any demand subsisting at the time of the submission. Where, however, parties have submitted all demands to arbitrators, and they have made their report, it may still be shown, in an action afterwards brought on a particular demand, that it was not in dispute, and not laid before the referees, and the action may be maintained. 2 *N. H. Rep.* 26, *Whittemore* vs. *Whittemore ; 5 Mass.* 334, *Webster* vs. *Lee ;* 9 *Mass.* 320, *Hodges* vs. *Hodges ;* 2 *Verm.* 417, *Buck* vs. *Buck ;* 5 *Greenl.* 192, *Bailey* vs. *Whitney ;* 4 *Vermont* 210, *Hayes* vs. *Blanchard.*

Courts in such cases go behind the submission, to see what construction the parties gave to it, and what was in fact included under it ; and where an award is plead they will not hold themselves concluded by the mere fact of an award, but enquire what was actually decided by the arbitrators.

Where a submission has been made, but the arbitrators have refused to sit, the submission is not necessarily a discharge of the action, unless such expressly appears to have been the intention of the parties. The submission is often made on an express understanding, or an implied presumption, that the referees will act, or the suit shall proceed ; and if they attempt to do so under such circumstances, the whole attempt at submission fails. Where a submission of a suit has been made, and the arbitrators award conditionally the payment of a certain sum, or that the suit shall proceed, we hold it to ˙ be so far subject to their direction that the award will be binding in this respect. In this case the arbitrators agreed on an amount due the plaintiff, but held the award in their own hands, subject to the condition that if the amount was not paid, the action was to proceed.

The agreement of submission was by parol, and for aught that appears the arbitrators acted fully within the terms of the submission, as understood by the parties. There is, therefore, no good reason to hold that the action is discharged, or that the parties intended this should be the case, unless the

award was paid so as to discharge the suit. This has not been done, and the whole proceeding falls to the ground.

The appointment of an auditor by the court was, under the circumstances, perfectly proper. The case would of course proceed precisely as though there had been no attempt at submission or award in the suit. The auditor has, however, transcended his authority, in passing on matters submitted to the arbitrators but not embraced in the suit. His report must, therefore, be set aside or recommitted, that it may be corrected in this respect.

*Report recommitted.*