NEW-YORK,<br>May, 1818.<br>SELLICK<br>v.<br>ADDAMS.

Judgment reversed.

———◦※◦———

## SELLICK & SELLICK *against* ADDAMS.

THIS was an action of trespass, for cutting timber on certain land in the town of *Phillipstown*, in the county of *Putnam*. The cause was tried at the *Putnam* circuit, in *September*, 1817.

The plaintiffs were two of the heirs at law of their father, *Gould John Sellick*, who died about three years before the

Under a general submission of all controversies and demands, the arbitrators may award as to real property; and where an award settles the boundary of land, it is sufficient to enable

the party to whom the land has been awarded to bring an action of ejectment, and is a justification in an action of trespass brought by the other party.

Where sworn copies of the award are delivered to the parties by the arbitrators, and received without objection, this will be deemed a waiver of their right to receive the original award.

trial, leaving eight other children, from two of whom the plaintiffs had deeds for their undivided part of their father's estate.   The plaintiffs proved that they were in possession of the premises, and that the defendant had cut timber upon them.   The defendant gave in evidence a bond executed by *Gould John Sellick,* the father of the plaintiffs, bearing date the 14th of *June,* 1810, conditioned to perform the award of *Samuel Owens, Abraham Smith,* and *Robert Johnson,* arbitrators appointed by and on the behalf of the said *Gould John Sellick,* and *John Addams,* the defendant, " to arbitrate,. award, order, judge, and determine, of and concerning all, and all manner of action and actions, cause and causes of action and actions, suits, bills, bonds, specialties, covenants, contracts, promises, accounts, reckonings, sums of money, judgments, executions, extents, quarrels, controversies, trespasses, damages and demands whatsoever, at any time hereafter had, made, moved, brought, commenced, sued, prosecuted, done, suffered, committed or depending, by or between the said parties, so as the award of the said arbitrators, or any two of them, be made and set down in writing, under their, or any two of their hands and seals, ready to be delivered to the said parties in difference, on or before the 18th of *July* next ensuing."   Under this submission the arbitrators fixed the boundary between the land of *G. J. Sellick* and the defendant, by which the premises where the trespass was alleged to have been committed came within the boundary line of, and were awarded to, the defendant.

*Samuel Owens,* one of the arbitrators, testified, that but one award was made and signed by them, and that they agreed among themselves not to deliver it to either party, but that the witness should keep it, and deliver sworn copies ; which accordingly were made and delivered to the parties.   The witness, although he did not recollect, presumed that they were delivered before the expiration of the time limited by the bond, and did not recollect hearing any disapprobation expressed by *Sellick,* on account of not receiving an original award, nor any request to have one.   It appeared, from the respective title deeds of the parties, that there was some confusion in their boundary lines, but it

fully appeared that the plaintiffs had the legal title to the *locus in quo.*

A verdict was taken for the plaintiffs, subject to the opinion of the court, and the case was submitted to the court without argument.

*Per Curiam.* This is an action of trespass *quare clausum fregit ;* and the plaintiff's right to recover is fully established, unless the alleged trespass was justified by the award which was set up on the part of the defendant. By the award, the *locus in quo* is considered as belonging to the defendant. Two objections have been made to this award: 1st. That it is not warranted by the submission ; 2d. That it never was delivered to the parties.

The submission does not specify any particular matters submitted, nor does it mention any existing differences relative to lands; but is a general submission of all actions, and causes of actions, and of all quarrels, controversies, trespasses, damages, and demands whatsoever. In the case of *Munro* v. *Allaire,* (2 *Caines' Rep.* 327.) it is said by this court, that questions concerning real property may be submitted without being specially named ; that a submission of *all demands* includes questions concerning real as well as personal property ; that the law does not require a specific submission as to one kind of property more than as to another ; and the case of *Marks* v. *Marriot,* (1 *Lord Raym.* 114.) is referred to and relied on as supporting this doctrine.

2. A delivery of the award must be deemed to have been dispensed with. It was made within the time limited by the submission, and was retained by one of the arbitrators, and sworn copies were delivered to the parties respectively. This would not have been sufficient had an original been claimed ; but the copy, according to the best recollection and belief of the witness, was delivered to each party before the expiration of the time limited in the submission. An acceptance of a sworn copy, without objection, must be deemed a waiver of any claim to have the original. This award would, undoubtedly, have been sufficient to enable the defendant to have recovered in an action of ejectment,

according to the doctrine of this court. (*Jackson, ex dem. Stanton*, v. *De Long*, 9 *Johns. Rep.* 43.) (*a*). It must, therefore, be considered as giving to the defendant a right of entry, and a license to enter, and is, of course, sufficient to justify the entry, and cutting of the timber. The pleadings are not before us ; and we presume that they are sufficient to let in this defence, if at all admissible. The defendant is, accordingly, entitled to judgment.

Judgment for the defendant.

(*a*) In *Doe*, d. *Morris and others*, v. *Rosser*, (3 *East's Rep.* 15.) the court say that an award cannot have the effect of conveying the land, although they held that it concluded the defendant from disputing the lessor's title. In *Calhoun's lessee* v. *Dunning*, (4 *Dallas' Rep.* 122.) the court say, " an award cannot give a right to land ; but a report of referees will settle a dispute about land, and either in an ejectment, or in an action of trespass." See also, *Jackson*, d. *Nellis*, v. *Dysling*, (2 *Caines' Rep.* 198.) But an award making partition between tenants in common, without directing conveyances to be executed, was held void. (*Johnson* v. *Wilson, Willes' Rep.* 248.) And where a stack of hay was awarded to be delivered to the plaintiff, it was held that no property was transferred by the award, and, therefore, he could not maintain trover for it, but that his remedy was on the award. (*Hunter* v. *Rice*, 15 *East's Rep.* 100.