*Hartford,*
*June, 1818.*

Beach
*v.*
Hotchkiss.

---

### BUNNEL *against* PINTO :

#### IN ERROR.

THIS was an action of book debt, brought by *Bunnel* against *Pinto*. The defendant pleaded in bar, that since the plaintiff's account accrued, the parties mutually submitted their respective accounts to the award of *Ward Atwater* and *Horace Beach*, with power to appoint an umpire, by a written submission, in these words : " We the subscribers, having a difficulty in settling our accounts, and being unwilling to have it decided by a course of law, have agreed, and do hereby agree, to leave our respective accounts with *Ward Atwater* and *Horace Beach*, and their decision thereon, in case they agree, we bind ourselves to abide by ; and in case they cannot agree, they shall have the privilege of calling on a third person, and the decision of the third, we agree to abide by. *New-Haven*, 4th *November*, 1815.

[Signed.]                              *Warham Bunnel.*
                                       *William Pinto.*"

That the arbitrators, after having fully heard the parties, on the 19th of *January*, 1816, made and published their award in the premises, in conformity to the submission, by which they determined, that there was due from the defend-

Where *A.* and *B.* made a submission of their *respective accounts,* which were awarded upon, and the award was complied with ; and *A.* afterwards brought an action of book debt, claiming a right to recover for certain articles charged on book, which accrued before the submission, but which were not in fact awarded upon ; it was held, that the " accounts" embraced by the submission constituted an indivisible claim, to which the award was a complete bar.

ant to the plaintiff, the sum of 66 dollars, 49 cents ; which award was as follows : " The subscribers, having examined the accounts of *Warham Bunnel* and *William Pinto*, against each other, find, and are of opinion, that there is due from said *Pinto* to said *Bunnel*, the sum of 66 dollars, 49 cents ; but have not taken into the account, *Bunnel's* account of disbursements against the brig *Despatch*, thinking that that ought to be presented by the master of the brig.

[Signed.] *Ward Atwater.*
*Horace Beach.*"

That the defendant, immediately thereafter, and before the commencement of the present action, paid and satisfied to the plaintiff, the amount specified in the award, which the plaintiff accepted.

The plaintiff replied, that this action was brought to recover certain charges on the plaintiff's book, amounting to the sum of 40 dollars, in which the defendant was, at the date of the submission, and still is, indebted to the plaintiff ; which charges, though included in the submission, were not included in the award of the arbitrators, and were not considered, awarded upon, or finally decided by them ; and to recover certain other charges on book, amounting to 460 dollars, in which the defendant is, and at the date of the plaintiff's writ, was, justly indebted to the plaintiff ; which last mentioned charges, were included, neither in the submission, nor in the award.

To this replication there was a demurrer ; and the superior court adjudged it insufficient. To reverse that judgment, the present writ of error was brought.

*Staples* and *L. E. Wales,* for the plaintiff, contended, 1. That the plea in bar is bad, as it does not expressly aver, that the charges for which this action is brought, were included in the submission. There is no sufficient averment, that the submission and award, and this action, were for the same matter, cause and thing.

2. That the award, on the face of it, is not *final.* It appears, that the plaintiff exhibited a bill of disbursements for the brig *Despatch ;* which the arbitrators *did not take into account*—*i. e.* they neither allowed, nor disallowed it.

3. That the plaintiff may aver, as he has done in his replication, that the charges for which this action is brought,

were not included in the award, and were not considered or acted upon, by the arbitrators. *Ravee* v. *Farmer*, 4 *Term Rep.* 146. *Golightly* v. *Jellicoe*, *Id.* 147. n. *Webster* v. *Lee*, 5 *Mass. Rep.* 334. *Seddon & al.* v. *Tutop*, 6 *Term Rep.* 607. *Stevens* v. *Payne*, 2 *Root* 83.

*Daggett* and *N. Smith*, for the defendant. They cited *Park* v. *Halsey*, 2 *Root* 100. *Wheeler* v. *Van Houten*, 12 *Johns. Rep.* 311. *Smith* v. *Johnson*, 15 *East* 213.

SWIFT, Ch. J. In this case, it appears, that the parties made a submission of their respective accounts, which were awarded upon. The plaintiff, in this action on book, claims, that he has a right to recover for certain articles charged on book, which accrued before the submission, but which were not actually laid before the arbitrators and awarded upon. It is clear, that the word " accounts" will include all book accounts, so that the question is, whether, when a man has made a submission which will comprehend book accounts, he can exhibit to the arbitrators a part of his books to be adjusted, and then, when an award is regularly made, bring an action of book debt to recover the articles omitted? No case can be found to warrant this doctrine. A book account is an indivisible claim, as much as a promissory note ; and a party may as well pretend, that he kept back a part of his claim on a note, and then, after the award, bring a suit on the note, as he can in the case of a book account. If this should be allowed, men could never know whether their books were settled by arbitrament. One party might keep back a part of his account ; and then, in an action to recover it, there would not only be a question whether he had a legal claim ; but also, whether it had been settled by the award. This would be to make arbitrations an instrument, not to diminish, but to increase litigation. An award is as conclusive, on the matter included in the submission, as a judgment; and no one will say, that a second action can be brought on book, on pretence that the charges claimed were omitted in the former action.

The authorities produced by the plaintiff, relate to distinct claims or matters in demand, and are not applicable to the present question : but the case of *Wheeler* v. *Van Houten*, 12

Hartford,
June, 1818.

Bunnel
*v.*
Pinto.

*Hartford,*
*June, 1818.*

Bunnel
*v.*
Pinto.

*Johns. Rep.* 311. is directly in point, to shew that this action is not sustainable.

It has been insisted on, that there is no averment in the plea, that this action is for the same matter, cause and thing, as the submission. But it is alleged, that the submission was subsequent to the time when the account shewn on oyer accrued, which is equivalent ; for this necessarily includes the same matter, cause and thing, for which this action is brought.

As to that part of the award which respects *Bunnel's* account for disbursements against the brig *Despatch*, it is a direct decision of the arbitrators, to disallow and reject the claims, and not an exception of it from their award.

HOSMER, J. The validity of the defendant's plea depends on the question, whether a submission of the respective accounts of the parties, followed by an award of the arbitrators, is a bar to an item of account pre-existing the submission and award ?

The purpose of the parties in submitting, is, to have a final determination of every matter comprehended within the submission. Great hardships might result from a restriction of the award to the matters actually brought before the arbitrators, if the reference comprehended other demands. They might be voluntarily withheld by the party ; and if this were a reason to consider them as not affected by the award, one important object of the submission would be defeated. In the present case, the parties submitting intended, that their account should be finally adjusted. If we were to hold, that the subject of the plaintiff's suit existed in force, because it was not brought before the arbitrators, the main purpose of the submission would be frustrated. Such a determination would facilitate fraud, and sanction negligence.

The cases of *Ravee* v. *Farmer*, and *Golightly* v. *Jellicoe*, 4 *Term Rep.* 146, 147. do not sustain the ground assumed by the plaintiff. They merely decided, that a submission " of all matters of difference," does not comprise a matter not in difference, which was brought before the arbitrator. The expression of " matters in difference," the court, probably, construed as synonimous with *matters in actual controversy.* Of this opinion was the court in *Webster* v. *Lee,* 5 *Mass.*

*Rep.* 334. and the submission *of all demands,* they considered as co-extensive. But, none of these decisions apply to the present case, in which the submission was *of all accounts;* comprehending, beyond all question, the subject matter of the plaintiff's action. The case of *Seddon* v. *Tutop,* 6 *Term Rep.* 607. has no bearing on the question before us. A person is not bound, in an action at law, to unite different causes of action; and if he has done it, he may support one count, and omit to give evidence in relation to another. But, if persons will blend in one submission, numerous and distinct causes of action, they have agreed that the award shall be conclusive upon them.

In the case of *Wheeler* v. *Van Houten,* 12 *Johns. Rep.* 311. it was determined, on a submission of *all demands,* that a demand, omitted by mistake to be brought before the arbitrators, was concluded by the award. To the same effect is the decision in *Smith* v. *Johnson,* 15 *East* 213. In this case, it was adjudged, " that where all matters in difference are referred, the party, as to every matter included within the subject of such reference, ought to come prepared with his whole case." These determinations have my entire concurrence, and of consequence, in the decision complained of, I am of opinion, that there is no error.

The other Judges were of the same opinion, except GOULD, J. who gave no opinion, having been absent, on account of indisposition, when the case was argued.

Judgment affirmed.