## CURLEY *against* DEAN.

Fairfield,
June,
1822.

Curley
*v.*
Dean.

Though in *assumpsit*, it is sufficient for the plaintiff to state only those parts of the contract, for the breach of which he seeks to recover; yet the whole consideration must be explicitly and correctly stated; for if any part of an entire consideration be omitted or misrepresented, the variance, on the proof, will be fatal.

Therefore, where the plaintiff stated, as part of the consideration for the defendant's undertaking, that he contracted to employ the defendant's son, and allow him a certain compensation, *so long as the plaintiff should wish to employ him ;* and the proof was, of a contract so to employ him, *during the season ;* it was held, that the variance was fatal.

In an action on contract, the contract given in evidence must agree in substance and effect with the one stated in the declaration; and a trivial variation is fatal, because it destroys the identity of the contract.

Therefore, where the plaintiff declared upon a contract, by which he was to have the use and occupation of a clothier's shop for a period, *commencing in October,* 1818, *and ending at the expiration of the season for dressing cloth, to wit, on the 1st of May,* 1819 ; and the period proved was, *during the season for dressing cloth ;* it was held, that the variance was fatal.

So, where the plaintiff declared upon a contract, by which *the defendant was to receive all the accounts, contracted, by the plaintiff, in a certain business, during a certain period,* to reimburse certain expenses, incurred by the defendant in such business ; and the proof was, that *the defendant was to receive the first moneys accruing from the business, and resort to the accounts for the balance only ;* it was held, that the variance was fatal.

An award of arbitrators is conclusive upon the parties, as to all the facts submitted, and decided by the award.

Where the subject of a submission and award is a contract subsisting between the parties, the legal effect of the award is to extinguish such contract.

This was an action of *assumpsit.*

The first count stated a submission made by the plaintiff and defendant of certain differences, which had arisen between them concerning the use and occupation of a clothier's shop and mill, owned by the defendant, and concerning certain books containing accounts for work done therein, to the award and final arbitrament of *Henry Waring* and *John Augur,* and an award by them, made in the premises, which the defendant, although requested, had wholly neglected and refused to perform.

The second count stated, That on the 8th of *October*, 1818, at *Stamford,* the plaintiff and defendant agreed, that the defendant, who carried on the business of colouring and dressing cloth in a shop or mill owned by him, should hire, and he did hire, the plaintiff, a cloth-dresser, to work in and oversee said shop or mill, for four months from the 8th of *October,*

*Fairfield,*
*June,*
1822.

Curley
*v.*
Dean.

1818, at 26 dollars a month; that it was further agreed, that the plaintiff should collect all the accounts for work in the shop, procured by the plaintiff, towards his wages; that on the 8th of *October*, 1818, the plaintiff, in pursuance of said agreement, began to work, and continued until the 31st of *December* following, when the agreement was annulled, by mutual consent, and in lieu thereof the defendant, in consideration of a rent of 100 dollars, to be paid by the plaintiff, leased to the plaintiff the shop, mill, machinery and utensils, for a term to commence on said 8th of *October*, and to end at the expiration of the season for dressing cloth, to wit, on the 1st day of *May*, 1819; that it was further agreed, that all the profits of the business should belong to the plaintiff, except so much thereof as should be necessary to pay certain specified claims; that the plaintiff should give employment in the shop to the defendant's son *Ebenezer*, so long as the plaintiff should wish to employ him, and pay the defendant for his labour at the rate of 10 dollars a month; that the plaintiff and the defendant's son should board in the defendant's family, at 2 dollars, 50 cents, a week; that the defendant should furnish firewood, soap, candles, dye-stuffs, and all other necessaries for the business, during the period agreed on; for which the defendant should be paid out of the earnings of the shop a reasonable and customary compensation; that the plaintiff should not unreasonably press his customers for payment; that the plaintiff should receive to his own use all the accounts during the period embraced in the agreement; that the defendant should receive all the accounts contracted within that period, except the accounts for work and cloth brought to the shop by the plaintiff, sufficient to pay the rent of 100 dollars, the wages of his son, the board and the necessaries furnished for the shop; and that the residue of the accounts should belong to the plaintiff, and be collected by him, for his own use. It was then averred, that the plaintiff took possession of the shop, in pursuance of this agreement, on the 31st of *December*, 1818, and carried on the business until the 25th of *February*, 1819, when the defendant forcibly expelled him from the shop, forbade the use of the machinery and utensils, and took possession of the books, and had ever since detained them, refusing all access of the plaintiff to them; that at this time there was due on said books about 454 dollars, and after deducting the amount due to the defendant for rent, wages, board and for necessaries furnished by him for the shop, there would still

remain, charged, and due from responsible persons, the sum of 300 dollars, exclusive of accounts for work at the shop procured by the plaintiff; by reason of which wrongful acts of the defendant, the plaintiff was prevented from making large profits, to which he was justly entitled, to his damage 600 dollars.

The cause was tried, on the general issue, at *Danbury, September* term, 1821, before *Brainard*, J.

On the first count the plaintiff made no claim for a verdict. After the plaintiff's proof in support of the second count, the defendant insisted, that the contract proved was materially different from the contract stated, in five particulars. First, it was part of the contract proved, that the plaintiff should teach the defendant's son the art of shearing cloth with hand-shears; which was no part of the contract stated. Secondly, it was part of the contract proved, that the defendant should be allowed six *per cent.* on all purchases by him made for the use of the shop; which was no part of the contract stated. Thirdly, it was part of the contract proved, that the plaintiff should employ the defendant's son, at ten dollars a month, during the season; whereas the contract stated was, that the plaintiff should employ him so long as the plaintiff should wish to employ him. Fourthly, it was part of the contract proved, that the plaintiff should pay over to the defendant the first monies, which he the plaintiff should receive from customers for work done at the shop, to reimburse to the defendant the expenses of the business, and that the defendant should take his pay from the accounts on book for the balance only; whereas the contract stated was, that the defendant was to look to the books for the whole of his pay. Fifthly, it was part of the contract proved, that the period, during which the plaintiff was to occupy the works, and conduct the business, should be the season for dressing cloth; whereas the period specified in the contract stated, was to commence on the 8th of *October*, 1818, and to end at the expiration of the season for dressing cloth, to wit, on the 1st of *May*, 1819. The plaintiff insisted, that the several stipulations so claimed by the defendant to be proved, were not proved; but if they were, still that they were not materially variant from the contract stated in the declaration. The defendant prayed the judge to instruct the jury, that if they should find the contract, in either of the particulars specified, to be proved as claimed by him, it would constitute a material variance, and entitle him to a verdict.

*Fairfield,*
June,
1822.

Curley
*v.*
Dean.

The defendant claimed, that he was justified in turning the plaintiff out of possession of the mill, and refusing to permit him to occupy the works any longer, because he had violated the terms of the contract under which he held. The plaintiff insisted, that his acts did not entitle the defendant so to turn him out ; and also offered evidence to prove, and claimed that he had proved, that after he was so turned out, he and the defendant mutually submitted the question to arbitrators, by them chosen, what the contract between the parties was, and whether the acts of the plaintiff authorized the defendant to hold him out of the works, and whether the plaintiff ought not still to be permitted to hold them according to the terms of the contract ; and that these arbitrators awarded, that the contract was as stated in the plaintiff's declaration, and that the defendant should restore to the plaintiff possession of the works, and that the parties should execute the contract, by continuing the business on the terms therein specified. The plaintiff, therefore, prayed the judge to instruct the jury, that if they should find the submission and award to be as claimed by him, and that the defendant had not restored possession accordingly, they should give a verdict for the plaintiff.

The direction to the jury was, in substance, as follows. " What is a variance, is matter of law ; but whether it exists, is a question of fact. As to the two first exceptions ; if either of them existed, it was a part of the consideration not stated, and, is a fatal objection to the plaintiff's recovery. As to the fourth exception ; it is to be observed, that the declaration is, that the profits of the business shall belong to the plaintiff, except so much as shall be necessary to satisfy the defendant's claim, which he should be allowed to receive out of the accounts for business done,—that is, out of the earnings of the shop generally. As to the third and fifth excepetions, I am of opinion, that the variances contended for, if they exist, are not material ; that in the one, the hiring of the son at stated wages *per* month, is the thing essential in this part of the contract ; that in the other, the time is not an averment, but is merely descriptive of the season.—But still the question recurs, what is the contract ? Has the plaintiff proved it as laid ?—Any fact in dispute between the parties, in relation to this contract, by them submitted to arbitrators, and by them decided, is conclusive upon the parties as to such fact."

The jury returned a verdict for the plaintiff ; and the de-

fendant moved for a new trial, on the ground of a misdirection.

*Fairfield,*
*June,*
*1822.*

*Curley*
*v.*
*Dean.*

*Sherman* and *Bissell,* in support of the motion, contended, 1. That the variances insisted on, by the defendant, under the third and fifth exceptions were material. It requires no argument to shew, that a contract of hiring during the season, is a different thing from one during the pleasure of one of the parties. A lease to terminate at the expiration of the season for dressing cloth, an uncertain and variable period, is also a different thing from one to end on the 1st of *May.* These variances are the more material, in this case, because the stipulations in question formed a part of the consideration of the defendant's undertaking. 1 *Chitt. Plead.* 295, 6. *Leeds* v. *Burrows,* 12 *East* 1. 3.

2. That the variance stated in the fourth exception was material; and the judge ought so to have instructed the jury. According to the contract stated in the declaration, the defendant was to look to the books for the whole of his pay; but according to the contract proved, the moneys first collected were to be applied, and the balance only was to be taken out of the accounts. Between these two modes of payment there is a substantial difference; not in form merely, but in practical utility and value. That the party would, in both cases, get his whole pay, ultimately, is not sufficient to prevent a variance. If these modes of payment are the same, then performance in one mode might be pleaded in bar of an action on a contract to pay in the other mode. Where the legal effect, in both cases, is the same, there is no variance. This was the case in *De Forest* v. *Brainerd,* 2 *Day* 528.

3. That the direction of the judge to the jury with respect to the award, was incorrect. First, it is not true, as an universal proposition, that an award is conclusive upon the parties as to the facts decided by it. Secondly, where there is an award, which is open, so that it can be sued upon, the party cannot resort to his original cause of action; and so the judge ought to have instructed the jury.

*Daggett* and *Hamlin,* contra, contended, 1. That the variances specified in the third and fifth exceptions, were immaterial; because it was not necessary to state the circumstances in which those variances consisted. In declaring on a contract, it is sufficient for the pleader merely to state the

*Fairfield,*
*June,*
*1822.*

Curley
*v.*
Dean.

parts of the contract, the breach of which he complains of; the entire act to be done; but detailed provisions relating to the time and manner of performance, it is unnecessary to set forth. 1 *Chitt. Plead.* 299, 300. 301. *Miles* v. *Sheward*, 8 *East* 7. *Clarke* v. *Gray* & al. 6 *East* 564. 569. The *employment of the defendant's son*, in one case, and the *season for dressing cloth*, in the other, were the essential parts of the contract; and these were substantially proved as stated. Now, that these stipulations, or either of them, constituted the consideration of the defendant's promise, makes no difference. You need not state the consideration broader, or more minutely, than the contract. The same rule is applicable to both. In *De Forest* v. *Brainerd, 2 Day* 528. the *appointment* stated in the declaration, was the consideration of the defendant's undertaking; the act proved was, the *continuation* of a former appointment; and yet the court held the variance to be immaterial.

2. That the variance specified in the fourth exception, was equally immaterial. The contract, as stated, was, substantially, that the defendant should be paid from the avails of the work done in the shop; and this was the contract proved. The moneys paid in were a part of the avails of the business. The proof shews no departure from the contract stated; but merely the manner, in which that contract was to be carried into effect. There is no *inconsistency* between the *allegata* and *probata*.

3. That the judge's direction to the jury as to the award, was unexceptionable. A fact found by arbitrators rests on the same footing as a fact found by a verdict and judgment. Any fact found by a court of competent jurisdiction, is conclusively established, in any subsequent controversey, between the same parties, in which that fact may come in question. There was no objection to the validity of the award, or to its admissibility in evidence.

HOSMER, Ch. J. The action of the plaintiff is founded on promises made to him by the defendant, in consideration of certain executory promises, to be performed on the plaintiff's part. The contract set forth on the record, and the one proved, must agree in substance and effect. The promise sought to be enforced need not be co-extensive with the one actually made, it being sufficient to state so much of the contract only, as evinces the engagement, on which the

plaintiff grounds his action.    *Cotterill* v. *Cuff*, 4 *Taunt.* 285. 287.    *Clarke* v. *Gray* & al. 6 *East* 564. 567, 8.    *Miles* v. *Sheward*, 8 *East* 7.    But, except in certain cases on bills of exchange, promissory notes, and other legal liabilities, which liabilities constitute the consideration ; although consisting of several parts, the consideration must be stated formally and expressly, and the whole of it must be alleged ; for if any part of an entire consideration be omitted or misrepresented, the variance, on the proof, is fatal.    1 *Chitt. Plead.* 295, 6.    1 *Phill. Ev.* 160. 1 *Esp. Dig.* 264.    *King* v. *Robinson*, *Cro. Eliz.* 79.    *Miles* v. *Sheward*, 8 *East*, 9. *Clarke* v. *Gray* & al. 6 *East* 564.    *Lansing* v. *McKillip*, 3 *Caines* 286.    13 *East* 115. n. c.    And if the contract be in the alternative, it must so appear on the record.    *White* v. *Wilson*, 2 *Bos. & Pul.* 119.    *Penny* v. *Porter*, 2 *East*, 4. *Cooke* v. *Munstone*, 1 *New Rep.* 351.    In the case of mutual executory promises, those on the one part constitute the entire consideration for those on the other, and must be averred.    A trivial variation in setting out a contract is fatal ; because it does not appear that the promise given in evidence, is that on which the plaintiff has declared.    1 *Chitt. Plead.* 304.    *Drewry* v. *Twiss*, 4 *Term Rep.* 560.

With these principles in view, I will attend to the objections made to the charge of the court.    They relate to certain supposed variances, and to the effect of an award, in respect of which it is claimed, that the court expressed an erroneous opinion.

The plaintiff avers in his declaration, that he contracted to employ the defendant's son, so long as he, the plaintiff, pleased ; and as the defendant contended, it was proved, that he was to employ him for the season.    This the court judged to be an immaterial variance ; but in my opinion, it is of a different character.    The promise is alleged to have been entirely dependant for its continuance on the plaintiff's will ; while the proof evinces an absolute contract for a determinate period.    Between the averment and the evidence, there is the same difference as exists between an estate for years, and an estate at will.

In his declaration, the plaintiff alleges, that the contract made with the defendant, was to end, at the expiration of the season for dressing cloth, to wit, on the 1st day of *May*, 1819. Notwithstanding the time mentioned is under a *scilicet*, it must be deemed a material averment ; and if so, its being

*Fairfield,*
*June,*
*1822.*

*Curley*
*v.*
**Dean.**

*Fairfield,*
*June,*
*1822*

Curley
*v.*
Dean.

thus stated will make no difference. 1 *Chitt. Plead.* 307. *Dakin's* case, 2 *Wms. Saund.* 291. n. 1. The time specified was to identify the contract; it was matter of description; and no rule of pleading other than the contract must be truly set forth, required it. Its only object must have been, to show the termination of the contract, by a certain and invariable limit. According to the proof, the contract was to end with the season for dressing cloth, which was a term as variable as the wind and weather, and entirely dependent on external circumstances. The opinion of the court, that this was an immaterial variance, cannot be supported; as the duration of an agreement is highly essential, and the averment and proof did not concur in the period of its termination.

The judge omitted to instruct the jury, that a variance existed in another particular, on which his charge to them was requested. The plaintiff averred in his declaration, that the defendant was to look to the books for the whole of his pay; and, it is contended to have been proved, that the monies first collected should be thus applied, and resort be had to the accounts for the residue. The variance is material; and the jury to this effect should have been instructed.

The court correctly decided, that the award stated in the motion was conclusive on all the facts submitted. *Ravee* v. *Farmer,* 4 *Term Rep.* 146. *Smith* v. *Johnson,* 15 *East,* 213. *Doe* d. *Morris* v. *Rosser,* 3 *East,* 15. *Bunnel* v. *Pinto,* 2 *Conn. Rep.* 431. But this opinion should have been accompanied with an explicit declaration of the legal effect; that is, that the parol contract was merged and extinguished. The jury under the charge must have believed, that the contract, instead of being defeated, was conclusively established, by the award; and for this reason, the omission of the judge was highly material.

The other Judges were of the same opinion.

New trial to be granted.