JACKSON, *ex dem.* EDSON and COATES, *against* GAGER.

EJECTMENT, for land in Willsborough, Essex county; tried at the circuit in that county, June 30th, 1824, before Nelson, C. Judge.

On the trial, it was admitted that one James Ross conveyed certain lands granted to him by a patent, including the premises in question, to John Goodrich and William Wilson, who made partition; Goodrich taking the west, and Wilson the east half, which east half contained the premises in question. The partition deeds contained this reservation: " and the said William Wilson, for himself, his heirs and assigns doth covenant, grant and agree with the said Goodrich, his heirs and assigns, by these presents, that the said William Wilson will leave out of his part of the tract of land which was granted by James Ross, as aforesaid, two hundred feet of land up the river Boquet, from the falls; and two hundred feet below the falls, and as many feet back from the said river as shall contain, in the whole, twenty acres of ground, to be in common for them, the said William Wilson and John Goodrich, and their heirs and assigns forever." The lessors of the plaintiff derived title to the west half from Goodrich; and Wilson conveyed the east half to Obadiah Thayer, under whom the defendant claimed to hold as lessee. The only question was, in what shape the common lot was to be located.

This depended much on a submission of these boundaries to arbitration, by Ralph Hascall, deceased, as attorney of Obadiah Thayer; by which the lessors of the plaintiff contended Thayer was concluded.

To prove the power, Henry H. Ross, the administrator of Hascall, was called as a witness; who swore that he found the power among the papers of Hascall; that he never saw the power before H's death. Nathl'. F. Thayer and I. F. Thompson were the subscribing witnesses. David Thayer, a witness for the plaintiff, swore that he knew

*Where there are several subscribing witnesses to a deed, or power of attorney, it is not enough to prove one of them dead, or out of the jurisdiction of the court; and then prove his hand writing with that of the party but the absence of all must be accounted for; as that they are dead, or out of the jurisdiction of the court, or, on diligent inquiry, cannot be found.*

*Semb. that an award, on parol submission, as to the boundaries or location under a deed of land is binding in an action of ejectment.*

*To avoid an award by dissent of one of the arbitrators, he must dissent when the award is published.*

Jackson
v.
Gager.

Nathl. T. Thayer when alive, who lived and died in Bos-ton; and proved his handwriting, and that of Obadiah Thayer, the principal, who was described in the power, as of Newton, in the county of Middlesex, and Commonwealth of Massachusetts. No proof was adduced to prove the death, residence or hand writing of Thompson, the other subscribing witness.

The defendant's counsel objected to the power as not sufficiently proved; but it was admitted by the judge; and read in evidence.

A parol submission under it, was then offered to be proved by the plaintiff, to Reuben Whallon, Ezra C. Gross, and Thomas Stower, Esqr's. This was objected to, but admitted by the judge.

The award made, decided that the premises in question, were within the common lot described in the partition deeds. Stower did not dissent from the award at the time it was declared. He declared the award himself; but it was not remembered, whether he declared it as the award of the majority or not.

The defendant offered to show, that he dissented; but the judge overruled this, unless it could also be shown that he declared his dissent at the time when the award was published.

The judge expressed an opinion, that the award was valid, though by parol; and the jury found for the plaintiff, for one undivided half of the premises in question.

*S. A. Foot,* for the defendant, moved for a new trial; 1. On the ground that the power was not legally proved. (2 Phil. Ev. 362. 2 East, 183.)

2. That the award not being in writing, and relating to lands, was not valid. (15 John. 197. id. 200, note, and the cases there cited.) To conclude as to lands, he said, an award must operate by estoppel; and all the cases where this is held, are of bonds under seal. A parol submission is within the statute of frauds, (1 R. L. 78.) The effect contended for, is the transfer of title in land; a possessory interest at least.

3. The award being by only two of the arbitrators, without any agreement to this effect, is void.

*Z. R. Shipherd,* contra.    The title was admitted by the parties ; and in order to locate under it, they submitted to an arbitration.    To be void within the statute, it must relate to the title.    Any act of the parties *in pais,* as a parol agreement, or making a fence, should conclude as to boundaries or location.    A partition may be made by parol.

The power was made in Massachusetts ; the party who executed it resided there ; and it is fairly to be intended that both the witnesses resided there also.    Thompson was a person wholly unknown to us ; and under the circumstances, the evidence of the handwriting, both of the party and one of the witnesses, should be received as satisfactory.

Stower's dissent was of no avail, unless declared at the time of publication.

*Foot,* in reply, said an actual assent of all the arbitrators should be shown.    Mere silence at the time of publication is not enough.    An award is not like the verdict of a jury delivered by the foreman.    They are appointed by the law ; arbitrators by the parties.

*Curia,* per SUTHERLAND, J.    The power of attorney from Obadiah Thayer to Ralph Hascall was not sufficiently proved.    It was attested by two subscribing witnesses. The hand writing of the party who executed the power, and of one of the subscribing witnesses, were proved ; they both being resident in the state of Massachusetts.    No account whatever was given of the other subscribing witness. This should have been done.

The general rule is, that where there are several witnesses to a deed, it may be proved by one of them.    If none of them are in being, or from any other sufficient cause, cannot be produced, proof of the signature of one of them is sufficient.    (1 Phil. Ev. 169.)    But before evidence can be given of the hand writing of either of the witnesses, some account must be given of all of them ; as that they are dead or beyond the jurisdiction of the court ; or that upon diligent

inquiry, nothing can be heard of them : (7 T. R. 261, 262 ,) though I admit the rule has been, under peculiar circumstances, somewhat relaxed, as in case of an ancient deed. (*Jackson* v. *Burton,* 11 John. 64.) In *Wallis* v. *Delancey,* (7 T. R. 262, note c,) the action was brought on a bond, executed at New York, and attested by two witnesses, Rivington and Moreton. After the hand writing of the obligor and of Rivington had been proved, Lord Kenyon held the proof deficient, unless some account was given of the other witness. It was then proved that there had been a man of the name of Moreton, a clerk in the store of Rivington, at New York. Lord Kenyon held this sufficient, it being a foreign transaction. (And vid. *Adam* v. *Kers,* 1 B. & P. 360.) In *Cunliffe* v. *Sefton,* (2 East, 183,) proof of the hand writing of one of the subscribing witnesses was admitted, after it had been proved that, upon diligent inquiry, no trace of the other witness could be obtained. But without such evidence, the proof would clearly have been held defective. (And vid. *Clark* v. *Anderson,* 3 Bin. 192. 1 Phil. Ev. 362, N. Y. Ed. of 1816, and the cases there cited.)

Here no inquiry was made for Thompson. For aught that appears, he may have been within the jurisdiction of the court, at the time of the trial ; and his attendance might have been enforced by the ordinary process. A proper foundation therefore, was not laid for the admission of secondary evidence.

I am inclined to think, without however intending to express a definitive opinion upon the subject, that the submission and award, though relating to real estate, and by parol, were valid, and not within the provisions of the statute of frauds.

The object of the submission was, to ascertain and settle the true location of a particular lot, of which the parties to the submission were joint proprietors ; the surrounding, or adjoining lots, or some of them, belonging to them in severalty. It was, then, an agreement that the arbitrators named should determine the boundaries of the common lot, according to the description in the partition deed of the part, under which both parties derived their title. The title to

the common lot was not in question. It was admitted to be in the parties jointly.

In *Jackson* v. *Dysling*, (2 Caines, 198,) it was held that a parol agreement between the proprietors of two adjoining lots to abide by a certain division line, though it did not pass the land, was sufficient to prevent either party from claiming in ejectment contrary to it; and that it was not within the statute of frauds.

*Spencer*, J. says an agreement by parol to the settlement of a line, appears to me effectual, and not liable to any objection, on the score of the statute of frauds and perjuries.

Thompson, J. observes, the submission to two surveyors, and their decision thereupon, cannot be considered as extending to the title of the land; or to have the operation of a conveyance. The submission was ot a mere matter of fact, to ascertain where the line would run on actual survey; beginning at a place agreed on between the parties. Livingston, J. considered the agreement within the statute of frauds.

If a parol agreement between the parties, fixing the location or boundaries of a lot, is valid, a similar agreement, that certain persons, named by them, shall ascertain and determine the true location, would seem to be equally exempt from the operation of the statute of frauds.

An award, whether it relates to the title, the possession, or the location, or boundaries of land, has not the operation of a conveyance. But the parties are concluded by their agreement, from disputing the location, or boundaries, or title, as settled by the arbitrators. Its operation is in the nature of an estoppel. (*Doe* v. *Rosser*, 3 East, 15. *Hunter* v. *Rice*, 15 East, 100. *Calhoun's lessee* v. *Dunning*, 4 Dall. 120. *Lessee of Dixon* v. *Morehead*, Add. Rep. 216, 219.) The award in such cases is not offered as evidence of title; but to prevent either party to it from setting up a title, &c. which had been negotiated by the award. (Kyd on Aw. Phil. ed. 1808, 62, note d. *Sellick* v. *Addams*, 15 John. 197. *Shepard* v. *Ryers*, id. 497, and cases there cited. *Cox* v. *Jagger*, 2 Cowen, 650.)

The evidence offered to show that Stower, one of the arbitrators, dissented from the award, was properly rejected.

It did not go to establish the fact, that he did not unite in making the award; or that he dissented from it at that time; but merely that he differed in opinion with the other arbitrators.

It was clearly proved that he was present when the award was published; and I think the evidence warrants the belief, that he pronounced the award as the decision of the arbitrators. This is sufficient to constitute it the award of all the arbitrators; (Kyd on Aw. 106;) which, on such a submission, is undoubtedly necessary.

But a new trial must be granted on the first ground.

New trial granted.