BETHUEL PENNIMAN *vs.* BENJAMIN RODMAN.

P. and R. made a written submission to arbitrators of all accounts, claims and demands which they had against each other, of whatever name or nature ; all which claims they agreed to make respectively, each against the other, before the arbitrators, who should consider the same, and whose report should be final : At the time of the submission, there were conflicting claims, between P. and R., respecting certain real estate, and these claims were laid by them before the arbitrators, who awarded, in full of all matters submitted, (among other things,) that R. should convey to P., his heirs and assigns forever, by a deed of warranty, a certain strip of land, and should execute a deed, releasing to P. all R.'s right and estate in a certain passage way, to which land and passage way they had conflicting claims. *Held,* that the terms of the submission included the parties' claims concerning real as well as personal property ; that the arbitrators were thereby authorized to direct R. to make such deeds ; and that P. might maintain a bill in equity to enforce specific performance, by R., of that part of the award.

WILDE, J.    This is a bill in equity to compel a specific performance of the award of arbitrators.    The bill sets out the submission, as follows :

" December 21st 1843.    Know all men by these presents, that Bethuel Penniman and Benjamin Rodman, both of New Bedford in the county of Bristol, have agreed to submit all accounts, claims and demands, which they now have against each other, of whatever name or nature, and whether founded in law or equity, to the determination and award of" [seven men named ;] "all which claims they agree to make

respectively, each against the other, before said referees, who shall consider the same with reference to equity and justice, as well as law, and the report of whom, or the major part of whom, being made in the presence of the parties, (in case they shall choose to be present, after due notice from the referees, for that purpose,) as soon as may be, shall be final therein. Benj. Rodman. Bethuel Penniman."

The bill also sets out the award, signed by all the arbitrators, who determined, " in full of all matters referred " to them, as follows : " *First*, that said Rodman shall convey, or cause to be conveyed, to the said Penniman, his heirs and assigns forever, by a good and sufficient deed of warranty, free and discharged from all incumbrances, a certain strip of land " [described]. " *Second.* The said Rodman shall also execute a good and sufficient deed of release to the said Penniman, his heirs and assigns forever, of all the right, title, interest and estate, which he now has by virtue of any deed or right whatever, as well as all the right, title, interest and estate, which he may have had to " a certain " lane or passage, 25 feet in width, on and subsequent to the 14th day of January, A. D. 1825, by virtue of a deed of that date from said Penniman, and shall warrant the same to said Penniman against all persons claiming from or under said Rodman. *Third*, that said Penniman shall convey to said Rodman, his heirs and assigns forever, by a good and sufficient deed of warranty, the one undivided half part of a certain building, used as a mill," [described,] " together with the undivided half part of the mill dam and mill pond attached to said mill, as well as all such rights and privileges as usually pertain to a mill. *Fourth*, that said Rodman shall pay or cause to be paid to said Penniman the sum of $485·40," " as a final balance upon all the accounts, claims, &c. submitted by said parties."

The bill avers that the plaintiff had tendered and offered to perform all things required to be done on his part, and had requested the defendant to perform the award on his part which he refused to do.

The defendant demurs to the bill; and the first cause of demurrer is, that the court has no jurisdiction of the subject matter of the bill. But the question of jurisdiction, in this case, is not distinguishable from that of *Jones* v. *Boston Mill Corporation*, 4 Pick. 507, a case which was very well considered; and the decision seems to us to be well founded on principle and on the authorities. See 2 Story on Eq. § 1458. By the submission, the parties agree that the award of the arbitrators shall be final as to the matters submitted; which is virtually a contract between them, by which each party agrees to perform whatever the arbitrators shall lawfully direct to be done and performed by them respectively. *Wood* v. *Griffith*, 1 Swanst. 54. *Blundell* v. *Brettargh*, 17 Ves. 241.

The other ground of defence is, that the arbitrators had no authority to award and direct conveyances of real estate.

The bill alleges that, at the time of the submission, there was a controversy, or conflicting claims, between the parties, respecting real estate, and that these claims were laid before the arbitrators. It is clear, therefore, that the parties intended to submit their claims against each other, as to the real estate in controversy; and the words of the submission are sufficiently comprehensive to embrace these claims. The terms of the submission are general, and embrace all accounts, claims and demands which the parties had against each other at the time of the submission. That their claims concerning real as well as personal property were designated by these general terms is, we think, unquestionable, and that the arbitrators were thereby authorized to direct the conveyances mentioned in their award. It is not necessary that the arbitrators should be specially, and in terms, authorized to direct such conveyances, if the general terms are sufficient to show that the parties intended to give them such authority. So it was decided in *Sellick* v. *Addams*, 15 Johns. 197; and that decision is supported by the cases there cited. See also *Byers* v. *Van Deusen*, 5 Wend. 268. We think, therefore, there is no ground for saying that the arbitrators have

exceeded their authority, so that the defendant is not bound
to perform their award.

*Demurrer overruled.*

*Eliot,* in support of the demurrer.
*O. Prescott,* for the plaintiff.