### David C. Girdler v. Tappan S. Carter.

Where arbitrators award something to be done by each party, and the acts are distinct and independent, the one not being a condition precedent to the other, the failure of one party to perform his part of the award furnishes no excuse for the other, and cannot be set up as a defence to a suit against him.

Where, in a submission between a landlord and tenant, it is awarded that the landlord shall at a day named have a certain cow and calf, it was held that the title to them passed by force of the award, without any further act by the tenant.

Trespass *de bonis*, for a cow. Writ dated April 13, 1865.

March 28, 1863, one Joseph Morse leased to plaintiff a farm for the term of five years from the first day of April, 1863. It was stipulated in the lease that plaintiff should furnish Morse with board and lodging, and that plaintiff should have the privilege of cutting sufficient wood on the farm for keeping necessary fires, and should have the cow then on the farm, and at the expiration of the lease should "return a cow of equal value or its equivalent, with sufficient hay to keep one cow until the twentieth day of May next following."

The following appears on the back of the lease :

"The undersigned committee chosen for the purpose have agreed to the following terms for closing this lease. Mr. Morse is to have the cow and calf on the first of April, and hay to keep her until the 20th day of May—and his board to first day of April, 1865—and the said Girdler shall have 3 1-2 cords standing wood and sufficient wood until the first of April, 1865, for his own use, and the produce of the farm now and then on hand, and refund the taxes for the year 1863, to the said Girdler.

> James Hadley,
> Thomas Cotton,
> J. C. Merrick."

The cow, which is the subject of controversy, is the one referred to in said report of referees, and not the one referred to in the lease, and was taken after April 1, 1865, by defendant, who bought the cow of Morse, who is defendant in interest.

Plaintiff testified that he left the farm the latter part of April or first of May, 1865, that when the lease was made it was verbally agreed that if either party was dissatisfied they should choose referees to determine the terms upon which the lease should be terminated; that in pursuance of that agreement said referees were chosen and their report made several months before April 1, 1865,—that he did not carry away any wood or produce,—that he asked Morse two or three times before April 1, 1865, to settle it up—that Morse did not say whether he would or wouldn't—that in February or March he asked Morse to show him then what wood to cut—that Morse said he wasn't going to do anything about it, and seemed to be irritated—that the taxes on the farm for 1863 were between $8 and $9, which Morse has not refunded—that after said April 1, with the assent of both parties and the referees, plaintiff wrote the words "to the said Girdler" at the end of the report.

The court, *pro forma*, ordered a nonsuit, and plaintiff excepted.

*Wood*, for plaintiff.

By the lease the cow passed to Girdler. *Hurd* v. *West*, 7 Cowan 752; *Smith* v. *Clark*, 21 Wend. 85; *Mallory* v. *Willis*, 4 Comst. 76; *Foster* v. *Pettiborn*, 3 Seld. 433; *Hyde* v. *Cookson*, 21 Bart. 93; 2 Kent's Com. 590.

By the terms of the report, the title to the cow in suit did not pass to Morse until April 1, 1865, and was to remain the property of the plaintiff. The lease was to continue in force till that time, and the terms are fixed by the report upon which it is to be terminated.

At any time after the report, and before April 1, the parties could annul, abandon or change the terms of the report. Whether either party so concluded is a question of fact for the jury. The conduct of Morse before April 1 is evidence to go to the jury to show that he abandoned the whole matter. Morse refused to furnish the wood, or refund the taxes, and he could not then claim the cow. If he claimed the benefit of the contract, he must bear its burdens.

*Hills & Bell*, for defendant.

Here was an award of arbitrators, confirmed by the plaintiff adding an amendment to it after April 1, 1865, with the assent of all parties.

If either party refused to perform the award, he became liable to an action by the other; but a mere neglect or refusal by one party, on request of the other, to perform it, has no tendency to prove that it was abandoned by both.

The question whether there was a waiver or abandonment of the award, by common consent, was the only one possible to be submitted to the jury; and not only was there no evidence that this was so, but the plaintiff's evidence incontestably proved the contrary.

BELLOWS, J. The main, if not the only, question, is, whether there was any evidence upon which it was competent for the jury to find that

the award was set aside by the agreement of the parties.   The only evidence in that direction is the testimony of the plaintiff himself that the lessor had not refunded the taxes for the year 1863 ; that when asked several times before April 1, 1865, to settle it up, he did not say whether he would or would not ; and that when asked in February or March to show the plaintiff what wood to cut, he said he was not going to do anything about it, and seemed to be irritated.

On the other hand it appears from the same testimony, that, in accordance with the terms of the award, the plaintiff put an end to the tenancy by leaving the farm the latter part of April, or first of May, 1861, although the lease by its terms continued until April 1, 1868 ; that lessor took the cow after April 1, as provided in the award ; and that after said April 1, the award was amended with the assent of both parties by supplying some words which were omitted.

Upon the whole we see no evidence tending to prove that the parties agreed to set aside the award, but on the contrary it clearly appears that they both assented to and ratified it.   The neglect or even refusal of the lessor to refund the taxes, or do any other thing required by the award, would not vacate it, but the plaintiff might enforce it by action.   For where by an award acts are to be performed by both parties, and those acts are distinct and independent, the one not a condition precedent to the other, either party is guilty of a breach of the award who does not perform all that he is appointed to do, although the opposite party may have entirely neglected to obey the award on his side ; and in such case, in a suit for not performing the award, it is not necessary for the plaintiff to aver performance or a readiness to perform his part of the award. Cald. on Arb. 321, and cases cited ; *Nichols* v. *Rennsalaer Mut. Ins. Co.*, 22 Wend. 125 ; 2 Chitty Pl. 243, note s. ; 2 Saund. Rep. 62, a, note s. ; *Loring* v. *Whittemore*, 13 Gray 228.

In the case before us the act which the lessor has neglected to perform has nothing of the character of a condition precedent in respect to the passing of the title to the cow ; and we are satisfied that there is no evidence legally competent to prove an agreement of the parties to vacate the award.

No question is made as to the effect of the award in passing the title to the cow without an actual delivery.   Where, in a reference between landlord and tenant, the arbitrator awarded that a stack of hay should be delivered up to the landlord on his paying a sum of money, it was held that the property in the hay did not pass on the mere tender of the money, though if the tenant had accepted it, it would have been a ratification of the award and an assent to the transfer.   *Hunter* v. *Rice*, 15 East. 100.

In the case before us the arbitrators award that the landlord shall have the cow and calf on the first of April, and hay to keep her until the 20th day of May ; and this without any condition precedent, and without any provision that the tenant should deliver the same.   In this respect it differs from the case of *Hunter* v. *Rice*, which awarded a delivery of the hay on payment of a certain sum of money.   In the case of *Girdler* v. *Carter*, the award purports to give the title to the cow

and calf to the landlord without any act remaining to be done by the tenant, and we are of the opinion that the award must be regarded as conclusive evidence of title in the landlord, if it be within the terms of the submission, and the law presumes that it is unless the contrary is made to appear. *Parsons* v. *Aldrich*, 6 N. H. 264. 'An award, indeed, is conclusive on the matters submitted, the same substantially as a judgment. *Bannel* v. *Pinto*, 2 Conn. 433 ; *Wheeler* v. *Van Houten*, 12 Johns. 311 ; *Fidler* v. *Cooper*, 19 Wend. 285 ; *Cady* v. *Dean*, 4 Conn. 259 ; *Varney* v. *Brewster*, 14 N. H. 49, where it was held that the legal effect of an award upon the contract submitted is to extinguish it.

The tendency of modern jurisprudence is to give effect and conclusiveness to awards when fairly made, and within the limits of the submission, and even in respect to the title and boundaries of real estate. It is true that it is generally said that the title to real estate cannot be transferred by an award, but it has been held that it will operate by way of estoppel to prevent a party from disputing the title established by it. *Doe* v. *Rosser*, 3 East. 8 ; *Sellick* v. *Adams*, 15 Johns. 197 ; and *Shepard* v. *Rogers*, *ibid.*, 497 ; *Cox* v. *Jager*, 2 Cow. 650 ; *Jackson* v. *Gayer*, 5 Cow. 387 ; 3 Cow. Ph. Evid. 1037.

Upon these views an award in respect to boundaries may be enforced by ejectment on trespass. *Robertson* v. *McNeil*, 12 Wend. 582 ; *Jackson* v. *Gager*, 5 Cow. 383 ; and such is the doctrine of *Shaw* v. *Hatch*, 6 N. H. 162, and also of *Jones* v. *Dewey*, 17 N. H. 596, where both the submission and award were by parol.

In Massachusetts it is held that an award that a party is entitled to certain land does not require any conveyance of it to give it effect. *Loring* v. *Whittemore*, 13 Gray 228.

These cases show that an award in conformity with the submission is, like a judgment, good to establish a boundary line of real estate, without any conveyance, unless such conveyance be expressly provided for, or necessarily implied.

In the case of *Hunter* v. *Rice*, before cited, the award was that the tenant should deliver the stack of hay on receiving a certain sum of money, and the court was there of opinion that if he had received the money tendered it would have been an assent, and the title to the hay would have passed. It would seem, however, to be well established that the effect of an award does not depend upon a subsequent assent, but upon the contract of submission, and that after the award is made it is too late to revoke the submission or to repudiate the award.

Since the decision in *Hunter* v. *Rice*, the law upon this subject has undergone considerable change, and it is not certain that the views there adopted would not be modified. It does not, however, govern this case, for here the title of the landlord was fixed by the award itself without requiring for its completion any act of the tenant; and besides, the award was assented to and ratified by the tenant after it was made.

There must, therefore, be

*Judgment on the nonsuit.*