DAVID PULFORD *vs.* ISAAC JOHNSON.

A declaration alleged the consideration of a warranty of a quantity of potatoes to be an agreement "that the plaintiff would buy of the defendant a certain quantity, to wit, five hundred bushels of potatoes, at one dollar a bushel, to be paid, to wit, when the defendant should deliver them." The consideration proved was, an agreement that the plaintiff would buy all the good potatoes then growing in a certain field of the defendant, except such as the defendant should reserve for the use of his family, at one dollar per bushel, to be paid on delivery or within a reasonable time thereafter. Held to be a fatal variance, both in respect to the quantity, and in respect to the time of payment.

Held also that the case was not helped by the *videlicet.*

ASSUMPSIT on a warranty of the soundness of a quantity of potatoes, brought to the Superior Court in New Haven county, and tried on the general issue closed to the court, before *Phelps, J.* Judgment for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Wooster,* in support of the motion.

[ *H. B. Munson* and *Doolittle,* contra.

PARK, J. We think there is a fatal variance between the proof and the declaration in this case.

The action is one of assumpsit for a breach of a contract of warranty in the sale of a quantity of potatoes. The declar-

ation alleges that the defendant, " in consideration that the plaintiff at the special instance and request of the defendant would buy of him a certain quantity of potatoes, to wit, five hundred bushels, at the price of one dollar per bushel, to be paid therefor by the plaintiff, to wit, whenever the defendant should deliver them to the plaintiff, undertook and then and there faithfully promised the plaintiff that the said potatoes were good, sound, merchantable and wholesome potatoes." It was proved upon the trial that the consideration of the contract of warranty was, " that the plaintiff should purchase of the defendant all the good potatoes then growing in a certain field of the defendant, after deducting all that the defendant might reserve for the use of his family, paying therefor the price of one dollar per bushel, when the same should be delivered to the plaintiff, or within a reasonable time thereafter." Is there no material difference between the consideration stated in the declaration, and that proved in evidence ?

In the one case the defendant made the promise of warranty in consideration that the plaintiff should take five hundred bushels, paying the stipulated price for them when the same should be delivered ; in the other, in consideration that the plaintiff should take an indefinite quantity, paying therefor at delivery or within a reasonable time afterwards.

The quantity is as much a part of the consideration of the promise of warranty as the stipulated price to be paid, and so is the time when the price should be paid. In an action upon a warranty the declaration need not contain all the stipulations of the contract in which the warranty was made, but only those material to the action ; but nothing must be omitted or misstated which constituted any part of the consideration of the promise sought to be enforced. *Curley* v. *Dean*, 4 Conn., 259 ; *Bunnell* v. *Taintor*, 5 id., 272 ; *Russell* v. *South Britain Society*, 9 id., 508 ; *Kellogg* v. *Denslow*, 14 id., 411 ; *Maine* v. *Bailey*, 15 id., 298 ; *Chittenden* v. *Stevenson*, 26 id., 442 ; *Ferris* v. *Comstock*, 33 id., 513.

The plaintiff claims that inasmuch as the quantity of potatoes and time when the price of the same should be paid are stated in the declaration under a videlicet, the variance

is not material. The office of a videlicet is to explain or particularize a preceding clause in the declaration and make that which is too general or obscure, definite and certain. 1 Swift Dig., 692; *Stukeley* v. *Butler*, Hobart, 171 ; *Mallett* v. *Stevenson*, 26 Conn., 428. But when an averment is material in the case, the addition of a videlicet does not render it immaterial, but it is as much traversable as if a videlicet had not been inserted, and in such case it will be treated as a direct and positive averment. 1 Swift Dig., 693 ; *Dakin's case*, 2 Saund., 290 ; *Stukeley* v. *Butler*, Hobart, 175 ; *Haymon* v. *Rogers*, 1 Stra., 232; *Bissex* v. *Bissex*, 3 Burr.,1729; *Green* v. *Rennett*, 1 T. R., 656 ; *The King* v. *The Mayor of York*, 5 id., 71 ; *Greenwood* v. *Barritt*, 6 id., 460 ; *Bishop of Lincoln* v. *Wolferstan*, 1 W. Bla. 495. It follows then that when a fact is material the statement of it under the form of a videlicet will not dispense with the necessity of strict proof; but when a fact is immaterial it is never necessary to prove it, whether it is laid under a videlicet or not. In this case what is stated under the form of a videlicet is material, as we have shown, and therefore strict proof was necessary.

There is manifest error in the judgment complained of and a new trial is advised.

In this opinion the other judges concurred.