ALBANY,
August, 1815.

WHEELER
v.
VAN HOUTEN.

</div>

<div style="text-align:center">

Motion denied.

</div>

<div style="text-align:center">

━━━◦∗◦◦━━━━

</div>

<div style="text-align:center">

WHEELER *against* VAN HOUTEN.

</div>

IN ERROR, from the court of common pleas of *Orange County*. *Wheeler* brought an action of *assumpsit* against *Van Houten*, in the court below, and the defendant pleaded the general issue. At the trial of the cause, the defendant proved, that he and the plaintiff, on the 26th day of *February*, 1812, before the commencement of the suit, mutually agreed to submit the final adjustment of all their demands against each other to arbitrators, and pledged themselves to abide their award; and that the arbitrators did award and order that *Wheeler*, the present plaintiff, should pay to *Van Houten*, the defendant, the sum of 27 dollars and 74 cents; and that the costs should be equally divided between them. The counsel for the defendant insisted, that the award was conclusive evidence for the defendant, and a bar to the plaintiff's recovering for any demand subsisting against the defendant prior to the submission and award. The plaintiff's counsel then offered to prove, that the several demands and charges for goods sold, mentioned in the plaintiff's declaration, and the several *items* for which the present suit was brought, were, by accident, never laid before the arbitrators for their consideration, nor did they decide thereon; and, that since the award, the plaintiff had admitted that the items for which the present suit was brought, were not produced before the arbitrators, or considered by them, in

<div style="font-size:smaller">

Where there is a submission to arbitration of *all the demands which* either party had against the other, the award is a conclusive bar to an action for any demand subsisting at the time of the submission and award, though the plaintiff can show, that the demand for which the action is brought, was, by mistake, omitted to be laid before the arbitrators, and was not considered, or decided upon, by them.

</div>

making up their award. But the court below rejected the evidence, and decided that the award was conclusive evidence in bar of the plaintiff's action, for all demands subsisting prior to the submission and award; and the plaintiff was thereupon nonsuited. The plaintiff's counsel tendered a bill of exceptions to the opinion of the court below.

*Story*, for the plaintiff in error. An award stands on the same, and no better, ground than a judgment; which is, *prima facie*, a bar, and no more. The defendant pleads, that the same identical matter was recovered in a former suit. In *Ravee* v. *Farmer*,* it was decided, that an award, upon a submission of all matters in difference between the parties, did not preclude the plaintiff from suing for a cause of action subsisting at the time of the submission, if he could show that the subject matter of such action was not laid before the arbitrators. The same principle was laid down in *Seddon* v. *Tutop*;† and *Grose*, J., observed, that the recovery in the former action, was only *prima facie* evidence that the demand had been inquired into by the jury.

The case of *De Long* v. *Stanton*,‡ is not applicable to this case, for there the submission was general, and the arbitrators, in fact, award upon the subject matter of the new action, though the plaintiff objected, that he did not intend to submit it to the arbitrators.

*S. Jones*, jr. contra. This is an attempt to open an award by parol evidence. It is an action to recover part of a matter before submitted to arbitration, but omitted, through the forgetfulness or mistake of the party, to be laid before the arbitrators. The award is final and conclusive, as to all matters within the submission. In this case, the submission was of *all demands*; not merely of all matters in difference. If, then, the cause of the present action was a demand subsisting at the time of the submission, it is within it, and the award must be conclusive. This court, in the case of *Newland* v. *Douglas*,§ held, that a palpable mistake of the arbitrators in calculating the amount awarded, could not be corrected at law. And in *Barlow* v. *Todd*,‖ it was decided, that where the award is, on the face of it, final, nothing *dehors* the award can be pleaded or given in evidence against it. In *De Long* v. *Stanton*, the same principle was laid down, as to

* 4 *Term Rep.* 147. *Golightly* v. *Jellicoe*, ib. note.

† 6 *Term Rep.* 607. 2 *Bl. Rep.* 827. 3 *Wils.* 304.

‡ 9 *Johns. Rep.* 43.

§ 2 *Johns. Rep.* 62.

‖ 3 *Johns. Rep.* 367.

the award being final and conclusive, as to all matters within the submission.

ALBANY,
August. 1815.

WHEELER
v.
VAN HOUTEN.

*Per Curiam.* In *Reeve* v. *Farmer*, (4 *Term Rep.* 146.) it was held, that on a submission to arbitration "of all matters in differ-ence," the award was conclusive on the parties, as to all causes of action subsisting between them previously to the submission; but that where it could be shown, that the subject of the action was not *a matter in difference* at the time of the submission, nor was referred by the parties to the arbitrators, the award would be no bar. The case of *Golightly* v. *Jellico*, in a note to the case cited, turns on the same principle.

These decisions do not bear out the plaintiff in maintaining this suit, for here the submission extended *to all the demands which either party had against the other;* whatever constituted a demand, on the one side or the other, was submitted; and if submitted, the cases cited show that the award must be final.

It would be a very dangerous precedent to allow a party, on a submission so general, intended to settle every thing between the parties, to lie by, and submit only part of his demands, and then institute a suit for the part not brought before the arbitrators. The object of the submission was, to avoid litigation; and neither party is at liberty to withhold a demand from the cognizance of the arbitrators, on such a submission, and then to sue for it.

It is true, if a person sues upon several and distinct causes of action, and submits only a part of them to the jury, he is not precluded from suing again for such distinct cause of action as was not passed upon. In that case, he was not bound, originally, to unite the different causes of action, and, therefore, shall not be barred; but here he bound himself to the defendant to submit every demand, and cannot recede from his agreement.

<div align="right">Judgment affirmed.</div>