*Royce* & *Hunt*, for plaintiff.
*Aldis* & *Davis*, and *Burt*, for defendant.

⸻⸻⸻

ZADOCK BUCK *vs.* GEORGE BUCK.

That, when a general submission to arbitrators is by *parol* and not in writing, matters then existing, but not laid before the arbitrators, nor adjudicated by them, are not barred by their award.

This was an action of *assumpsit* on an award of arbitrators, made in pursuance of a parol submission by the plaintiff and defendant of all difficulties, demands, and claims; which award was made and published by the arbitrators on the 8th day of February, 1827. Plea, *non assumpsit*, and also a plea in offset for money paid, laid out and expended by the defendant for the plaintiff, on the first day of January, 1826. *Non assumpsit* was pleaded to the plea in offset; and trial by Jury. On the trial the defendant offered evidence tending to prove, in support of his plea in offset,

FRANKLIN,
January,
1830.

Buck
vs.
Buck.

that, prior to said submission and award, to wit, on the first day of January, 1826, the defendant paid, laid out and expended, large sums of money for the plaintiff, and at his, the said plaintiff's, special instance and request ; which said sums of money were not presented nor claimed before the arbitrators, who made said award ; nor by them taken into consideration, nor adjudicated upon by them. To this showing, on the part of the defendant, the plaintiff objected ; and the court excluded the evidence thus offered by the defendant, in support of his plea in offset :  and the jury returned a verdict, under the direction of the court, for the amount of said award and interest thereon.

A bill of exceptions, containing the foregoing facts, being allowed by the court, the defendant removed the cause to this Court on a motion for a new trial founded on the decision of the county court rejecting the evidence offered by the defendant.

*Argument for the defendant.*—The county court erred in their decision, by which the defendant was precluded from showing under his plea in offset, that the plaintiff was indebted to him for money paid, laid out, and expended, *prior* to the submission and award ; for which no claim was made or presented to the arbitrators, and which was not by them taken into consideration, or adjudicated upon, in making up their award.

It is a well settled principle, that, if the plaintiff, in a suit upon several distinct causes of action, submits only a part of them to the jury, he is not precluded from suing again for such distinct cause of action as was not adjudicated upon.—1 *Stark.* 199, 200.—2 *Bl. Rep.* 827.—6 *T. R.* 607, *Seddon* vs. *Tutop.*—12 *John. Rep.* 313, *Wheeler* vs. *Van Huten*——.4 *Con. R.* 276, *Smith* vs. *Sherwood.*—11 *Mass. R.* 445.

The principle, in this particular, is as well applicable to trials before referees and arbitrators, as before courts of law.—4 *T. R.* 146, *Ravee* vs. *Farmer.*—*Golightly* vs. *Jellicoe, ib. note.*—5 *Mass. Rep.* 334, *Webster* vs. *Lee.*—2 *N. H. Rep.* 26, *Whittimore* vs. *Whittimore.*—3 *Pick. Rep.* 429, *Parker* vs. *Thompson.*—See also, 9 *Mass. Rep.* 320, *Hodges* vs. *Hodges.*—11 *do.* 445, *Smith* vs. *Whiting.*

*Argument for the plaintiff.*—1. A submission " of all matters in difficulty, all demands and claims," is sufficiently comprehensive to embrace almost any subject matter which might be the foundation of an action for the recovery of any simple contract debt,—and, certainly, must be considered to embrace the subject matter of defendant's plea in offset.—The award of the arbitra-

tors must, therefore, be considered a complete bar to defendant's
offset—. *Wheeler* vs. *Van Huten*, 12, *Johns, Rep.* 311.—*Selleck and*
*Selleck* vs. *Adams,* 15 *Johns.* 197.—15 *East Rep.* 213.—2
*Con. Rep.* 431.—9 *Johns. Rep.* 38.—2 *Caines' Rep.* 320.—
2 *Starkie,* 136.

2. On a general submission of all claims and demands between
parties, parol evidence is inadmissible to show, that any particu-
lar subject matter which can come under the denomination of
*claims* or *demands,* was not submitted to the arbitrators, and ta-
ken into consideration by them. If the subject matter of the de-
fendant's offset subsisted at the time of the submission, it was
within it ; and the award is conclusive.—2 *Johns. Rep.* 62,—3
*do.* 367.

We apprehend that no case can be found in the books where,
after a submission as general, and, at the same time, as compre-
hensive, as the one shown by the present case, and an award in
pursuance of the submission,—either party has ever been per-
mitted, by parole evidence, to controul or qualify the terms of the
award ; or to show that a *particular demand* was not taken into
consideration by the arbitrators. The case of *Ravee* vs. *Farmer,*
4 *Term. Rep.* 146, might seem, perhaps, at first view to contravene
the position that has here been laid down. But, on examination
of the case, which seems to have been the guide to courts in all
subsequent decisions, in cases depending on similar facts, it will
be found, that none of the principles, settled in that case, are, in
the least, violated by establishing the doctrine for which we have
contended. In that case, the submission was " of all matters in
difference" only. In the present case, the submission was of all mat-
ters in difficulty, claims, and demands : whatsoever, therefore, con-
stituted a matter of difficulty, or claim, or demand, on one side or
the other, at the time of the submission, was submitted ; and, if
submitted, the award of the arbitrators must be determined by the
court to be final and conclusive between the parties, and a bar to
the defendant's offset.

The opinion of the Court was pronounced by

HUTCHINSON, J.—There is no dispute, in the present case, but
that the *parole* submission between the parties was broad enough
to have admitted these matters now in controversy, had they been
presented. And the defendant offered to prove to the jury, that
these matters were not laid before the arbitrators, nor by them
adjudicated. This testimony was excluded, which rendered the
plea in offset unavailing. The question, now to be decided, is,
whether a demand thus situated is barred by the award.

FRANKLIN,
January,
1830.

Buck
as.
Buck.

Both parties produce authorities in point, and suited to the two sides of this controversy. The decisions reported in *Massachusetts* support the defendant's claim : those reported in *New-York* are opposed to this claim. In both of those states, demands that might have been, but were not, included in judgments, are not considered as barred. In the 5th of *Mass. Rep.* 234, *Webster* vs. *Lee*, where was a written submission by rule of court of all demands, *Judge Parsons* took a full view of the subject, and decided, that the party was not so bound to bring forward all his demands, as to lose them if he did not bring them before referees.

In *Ravee* vs. *Farmer*, 4th *Term. Rep.* 146, and in *Golightly* vs. *Jellicoe*, there cited in note, the decisions go the whole length of supporting the defendant's claim, unless we suppose the terms of submission narrower in those cases, than in the present. The terms there used were, " all matters in difference." This must mean either all matters, that they in fact differed about before the arbitrators, or all matters that existed, about which they might differ, were they disposed so to do. This last is as broad as all demands. When Mr. *Justice Buller* cited *Lord Mansfield's* expressions, " that the question was whether matters in difference meant matters not in difference," he did not consider that he was repeating a foolish expression of his lordship, but a laconic, sensible expression, so disposing of the case, as made it an authority for the decision then made in the case of *Ravee* vs. *Farmer*.— There is but one ground, on which either of those decisions can be supported : that is, that matters in difference mean what the parties actually treat as matters in dfierence, and lay before the arbitrators as such. In the case cited from 6th *Term Reports*, the question was not whether the goods in question might have been recovered in the former action. There could be no such question ; the two declarations, with regard to the goods, were exactly similar. But the question submitted to the jury was, whether this claim for goods had been submitted and adjudicated upon in the former action. The court said, this was a proper issue, and tried the real merits of the dispute.

The case cited from 15th of *East*, 213, was a motion for an attachment against the defendant for not performing an award, made upon a submission of all matters. The submission and award settled the accounts of the ship's voyage. The defendant now claimed a deduction of £72, which his affidavit showed had been paid, and had not been laid before the arbitrators. The court decided against him forthwith ; saying, that, in such a submission, he ought, that is, was bound, to bring forward all his claims. This, said *Lord Ellenboro*, is not going against *Ravee* vs.

FRANKLIN,
*January*,
1830.

Buck
*vs.*
Buck.

*Farmer*, and *Golightly* vs. *Jellicoe*. Had he occupied a little time in reflecting on the subject, he must have perceived that he was going directly abreast of those authorities. Those two cases, and the one before him, agreed precisely in this important point, that, if the several demands had been laid before the arbitrators, they would have adjudicated upon them ; and there neither would, nor could, have been any objection that the submission was too narrow to admit those demands.

The *New-York* cases assume the same ground, that, upon a general submission to arbitrators, all demands must be exhibited, or lost.

The necessity for this doctrine is not readily perceived ; nor is it carried through the cases in which there is some analogy in principle. When general receipts in full of all demands are given, parole testimony is admitted to show certain demands not included by the intention of the parties. So, suits have been maintained for the consideration to be paid for land, though the deed of the same land expressly says that the plaintiff, the grantor, had received the same consideration to his full satisfaction. So money, paid by mistake, is recoverd back ; and money paid understandingly, upon a consideration which afterwards fails.

We may safely presume, that a man, who makes a general submission to arbitrators, and omits to lay all his demands before them, fails through forgetfulness or mistake. It cannot be through design. That state of feeling, which would induce him to keep back any of his demands, knowingly, would induce him to revoke the submission altogether. He could expect to gain nothing by keeping back a demand. If he would afterwards assert it, he must not only prove it, as fully as if before the arbitrators, but must prove that it was not laid before them for adjudication.

Besides, there is some danger from this doctrine as applied to parole submissions. Parole testimony of a submission and award may bar a claim that is just, and ought not to be barred, and this through a misapprehension or forgetfulness of the exact expressions used in the parole submission. They might say all demands, when they intended all then exhibited, and no others.— Awards, upon parole submissions of all demands, are in some degree parallel with general receipts in full of all demands. Both are very frequently effected without the aid of counsel, and without sufficient knowledge of consequences to excite a prudent caution, before all is closed.

We are not at present inclined to open the door to go back of written submissions and references, that are general, and the awards general ; but we admit the inquiry, whether adjudicated

or not, in cases of submissions not in writing.   As the defendant has not had this privilege in supporting his plea in offset, the judgment of the county court is reversed, and

A new trial is granted.

*Hunt* & *Beardsley*, for the plaintiff.
*Smith*, and *Aldis* & *Davis*, for Defendant.