****>>>e©•<<<****

## WILLIAM P. BRIGGS *v.* JOHN BREWSTER.

### *Award. Bar. Account. Apportionment of costs.*

An award will ordinarily have no greater effect than a judgment ; it will only bar what is adjudged.

But if a submission, though not under seal, in terms embrace all the accounts arising for dealings of a particular character between the parties, the account upon each side in reference to that subject is an entire matter, and the whole will be merged in the award, although every item be not presented before the arbitrators.

When parties own property jointly, and agree, that each may use what he wishes and account for any excess, such excess can only be recovered for by action of account.

When, in an action upon book account, the plaintiff prevails upon one small item only, of his entire account, and the whole of the defendant's account is disallowed, the costs will be properly apportioned between them.

BOOK ACCOUNT. Judgment to account was rendered, and auditors were appointed, who reported the facts substantially as follows.

The plaintiff presented an account against the defendant, which he claimed accrued in 1845 ; but which the defendant insisted was merged in an award made between the parties in 1846. It appeared, that the parties, on the twenty-first of March, 1846, entered into a submission in writing, but not under seal, which was in these words :—

"Whereas divers difficulties and disagreements have arisen be-
' tween us relative to our deal and the management of the farm the

Briggs *v.* Brewster.

' past season, and relative to two hogs now on the farm,—to end all ' which difficulties and disagreements we hereby agree to submit the ' same to the arbitrament and determination of Reuben Nims and ' William Rhodes, Jr.,—the report of whom, to be made as soon as ' may be, to be final and conclusive between us."

A hearing was had in pursuance of this submission, and the arbitrators awarded, among other things, that they found the plaintiff indebted to the defendant in the sum of $24,70, " as balance of the accounts, as presented ;"—but the, auditors reported, that some portion of the plaintiff's account was not embraced in the submission, nor presented to the arbitrators, and was not included within the award,—and they therefore overruled the defendant's objection. The plaintiff's account consisted of eight items, of which all, except the first, were disallowed by the auditors. The first item, which was for a writ, made for the defendant by the plaintiff, and the service thereof, which had been paid by the plaintiff, was allowed at $1,39. The defendant's account consisted of four items, of which the three last were disallowed by the auditors, as being unsupported by proof. In reference to the first item, which was for one sheep, the auditors reported, that the plaintiff and defendant had a flock of sheep, which were kept upon a farm, leased by the plaintiff to the defendant, during the summer and autumn of 1845 ; that it was agreed between them, that each might take from the flock, from time to time, as they might want for the use of their respective families, and that the sheep taken by each should be accounted for in a final settlement; that the plaintiff, in the course of the season, took from the flock one more sheep than was taken by the defendant ; that the defendant had never been paid for his share of the said sheep, and did not present his claim therefor before the arbitrators, and it was in no way adjudicated by them ; and the auditors allowed to the defendant $1,39, being one half of the value of the sheep. The auditors therefore reported, that there was nothing due to either party, to balance book account between them.

The county court, September term, 1849,—BENNETT, J., presiding, accepted the report and rendered judgment thereon for the defendant.  Exceptions by plaintiff.

*W. P. Briggs* and *A. B. Maynard* for plaintiff.

*C. D. Kasson* for defendant.

The opinion of the court was delivered by

REDFIELD, J. The first question in this case is, whether the plaintiff's account was barred by the submission and award between the parties on the twenty first of March, 1846.

The auditors say, that some portion of it, (meaning that allowed in this action,) was not embraced in the submission, nor presented to or passed upon by the arbitrators. The submission is not under seal, but in writing, and specifies, that "*difficulties and disagreements*" had arisen "in relation to our deal, and the management of the farm the past season, and in relation to two hogs now on the farm,"—"to end all which difficulties and disagreements, the *same*" are submitted. The arbitrators find this plaintiff indebted in $24,70, "as balance of the *accounts presented*," with certain other specific awards. It does not appear, that there is any thing in the case to show, that the *submission* included the plaintiff's charge; and the award clearly did not.

An award will ordinarily have no greater effect, than a judgment. It will only bar what is adjudged,—unless, perhaps, if part of one entire transaction is submitted and adjudicated, it will bar other portions of the same transaction, not presented before the court, or arbitrators. Possibly, too, if a submission be general, of all demands, and under seal, and an award follow, it might be esteemed equal to a release under seal, or a covenant not to bring subsequent suits. But upon none of these grounds could the plaintiff's charge for a writ be esteemed as barred. The case of *Seddon* v. *Tutop*, 6 T. R. 607, goes on this ground. *Raner* v. *Farmer*, 4 T. R. 146, is the case of a submission of *all matters in difference*. The cases, indeed, are all one way upon this point. *Buck* v. *Buck*, 2 Vt. 417.

As to that item of the defendant's account, which the auditors have allowed, there seems to us more difficulty. The facts found by the auditors, and the form of allowing the account, "one half of a sheep," when they say the parties owned the sheep jointly and agreed that each might take what he wished and account for any excess, and that the plaintiff took one sheep more than the defendant, all show very clearly, that this was the joint property of the parties, and the proper remedy an action of account. The agreement in the case is no more, than what the law always implies in such cases, or than what existed, in terms, in the case of *Scott* v.

*Lance*, 21 Vt. 507. And in this respect the case does not seem to us different from the case of *Albee* v. *Fairbanks*, 10 Vt. 314, and many other cases decided by this court,—unless, perhaps, the fact, that it is a single item, will create a difference. .

If the facts in the case were, that the parties had settled all the other items of the joint account, and by consent omitted this, with the agreement, that it should be subsequently adjusted between the parties, in their dealings,—or perhaps without any express agreement of that kind,—we might properly enough, perhaps, regard it as transferred, by consent of the parties, from the general account of the joint dealing, in regard to the farm, to the general dealings between the parties. But nothing of that kind exists. The arbitration did indeed merge all the rest of the account; and the account being an entire matter, the legal effect must be to bar this item also, upon general principles, which I have no doubt are clearly and strictly applicable to this subject ;—or, if it did not have this effect, it left it, where it was before, matter of joint account between the parties.

Judgment reversed, and judgment for plaintiff, for the amount allowed on his account.

It was referred to one of the auditors to tax the costs in this case according to the following directions :—To ascertain, 1. All the costs, which have accrued on the part of the plaintiff in the litigation of the item, for which he has obtained judgment,—including writ, service, court fees, and term and attorney fees, with the fair proportion of auditors' fees paid on account of that particular litigation ;—2. How much costs, in addition, accrued to the plaintiff in litigating the defendant's account ;—3. How much costs have accrued to the defendant in litigation of those items of the plaintiff's account, which have finally been disallowed,—including the proper proportion of auditor's fees paid on that account ;—The parties to be heard before the court, upon the coming in of the report, upon all questions arising upon the same.