Dewey, J.
The defendant sets up in defence of this action a submission heretofore entered into between the parties, “ of all demands” between them to certain arbitrators, and an award in favor of the defendant by the arbitrators, upon which judgment was rendered. To this the plaintiff replies that this demand was not presented to the arbitrators by either party, and was not in any way acted upon by them.
The question is therefore upon the effect of this submission and award. Does it bar all causes of action, and all legal claims for payment of money by each of these parties against the other, irrespective of then peculiar circumstances, and where it can be shown by uncontroverted evidence, that the claim was not submitted to the arbitrators and not acted upon by them ? It is quite obvious from a recurrence to adjudicated cases that this is one of those mooted points where much may be found on both sides.
Our own cases have shown a strong disposition, on the part of the courts of this commonwealth, not to give such effect to a general submission, as would bar an honest demand not submitted to the arbitrators nor acted upon by them, where the omission to present the same was consistent with good faith, and not with a design to further litigation, or to change the forum for the trial of the same.
Cases may occur where parties are fully aware of certain litigated matters that they may properly and most conveniently do dispose of by a submission of their demands to arbitrators, and yet there may be other simple contract debts, evidenced *312 by promissory notes, or other ordinary instruments, existing between them, that may not be brought forward at the hearing before the arbitrators, for the simple reason, that as to them there is no controversy. The form of the submission may be general, but the party looks at the substance, the real point icontroversy, that which gave occasion to the arbitration, and presents only that matter, and when subsequently he shall ask for the payment of a simple note of hand duly witnessed, the maker sets up in defence the previous submission to arbitrators “ of all demands ” between the parties.
Such defence was not sustained by this court in a case of this kind occurring at an early period. Webster v. Lee, 5 Mass. 334, where the subject was much considered in the opinion of the late chief justice Parsons. On the contrary, while it was conceded that in such a case the presumption was that all existing demands were submitted, yet it was held that this might be controlled by evidence showing that in fact the demand in suit was not before the arbitrators, nor acted upon by them, and that in such case the party might recover upon Ms demand notwithstanding the general form of the submission. This was followed by the case of Hodges v. Hodges, 9 Mass. 320, where the same principle was adopted and also by the case of Smith v. Whiting, 11 Mass. 447, where it is said by Parker, C. J., “the principle is, that, where a demand has not been submitted, it shall not be barred by an award or report on a rule or a submission of all demands.”
In the state of Maine, in the case of Bixby v. Whitney, 5 Greenl. 192, the same is assumed to be the law. In the case of Buck v. Buck, 2 Verm. 420, in an elaborate opirnon of the court the like doctrine is fully maintained, although the decision was finally placed upon the case of a submission by parol of all demands, that case being one of such parol submission. In the case of Newman v. Wood, Mart. & Yerg. 190, a submission “ of all matters in dispute ” was held not to bar a demand not presented to the arbitrators.
On the other hand, in the case of Wheeler v. Van Houten, 12 Johns. 311, it was held that such submission “ of all de *313 mande,” would be a bar. In Smith v. Johnson, 15 East. 213, it was held that a submission “ of all manner of actions and causes of action” was a bar to a claim not exhibited to the arbitrators, but which was a matter in difference, and within the scope of the reference. Various other cases may be cited bearing upon the point more or less directly.
In this contrariety of views, we of course give the preference to our own decisions as guides in this matter. With the qualification that the present case furnishes, of entire good faith in the plaintiff in omitting to present this claim to the arbitrators, and with the facts proved as to the proceedings in the suits pending against other parties, and with the further fact that the defendants did not at the hearing before the referees. request any action on this matter, we are of opinion that it was competent to show, on the trial of this case, that the present demand was not in fact presented to the arbitrators and was not acted upon by them, and it being further shown that the defendant was indebted to the plaintiff as claimed, the plaintiff was entitled to a verdict in his favor. Exceptions overruled.