## LEWIS ROBINSON *v.* ASA MORSE.

### *Pleading. Arbitration and Award.*

Where the submission is by deed under seal, and an award is made in pursuance to the submission, the award is a bar to any suit afterwards brought on notes or other matters, intentionally withheld from the examination and decision of the arbitrators, if they were included in the submission.

*Quaere*—Whether, under the same state of facts, an award on a parol submission would not have the same effect.

But if the omission to present the notes or other matters to the arbitrators, arose from any mistake, forgetfulness, or accident, &c, then the matter may be replied to the plea in bar, and the question directly presented whether under any of these circumstances, the award will be a bar to a suit for the recovery of claims so omitted in the award.

ASSUMPSIT on two promissory notes. The defendant pleaded the general issue, and two special pleas in bar; the defendant in the special pleas set forth a submission in writing under the seals of the parties to arbitration, of all matters in dispute between the parties, including the notes in question, and an award made in pursuance of said submission.

The plaintiff replied, and set forth in his replication, that said notes, in the declaration mentioned and counted upon, were never presented to, or considered by said arbitrators.

To the plaintiff's replication the defendant demurred.

The County Court, December Term 1853,—COLLAMER, J.,

Robinson v. Morse.

presiding,—adjudged the replication insufficient, and rendered judgment for the defendant.

Exceptions by plaintiff.

*S. Fullam* for plaintiff.

The only question raised in this case, is, whether the submission and award were of such a character, as to bar a recovery on the notes, when they were not presented to the arbitrators or adjudicated by them.

The plaintiff insists that a recovery on the notes is not barred, for this proceeding cannot have more force than a proceeding at law.   *Whitmore* v. *Whitmore*, 2 N. H. 29.

A former adjudication in a court of law, where the matter might have been adjudicated but was not, is not a bar to a recovery.  *McLaughlin* v. *Hill*, 2 Vt. 20.

And the law is the same in relation to arbitrations.    *Whitmore* v. *Whitmore*, before cited.  *Buck* v. *Buck*, 2 Vt. 417.  *Rover* v. *Farmer*, 4 Term 146.   *Golightly* v. *Jellicoe*, note a, 4 Term 146. *Webster* v. *Lee*, 5 Mass. 234.

The case of *Smith* v. *Johnson*, 15 East. 213, does not militate against the doctrine.

*Converse & Barrett* for defendant.

By the pleadings it is conceded, on the part of the plaintiff, that the notes in suit constituted a part of the deal and subject matter of dispute between the parties, submitted by the mutual agreement of the parties under seal; and that the arbitrators, made their award under, and in pursuance of said submission.

It is conceded on the part of the defendant that said notes were not presented to, nor considered by the arbitrators in making their award.

Upon this state of the case, the question is, whether this suit is barred by the submission and award.   The law of the case is established in *Smith* v. *Johnson*, 15 East. 213.  *Dunn* v. *Murray*, 17 E. C. L. 498.   30 E. C. L. 405.   *Wheeler* v. *Van Houten*, 12 Johns. 311.   *Fidler* v. *Cooper*, 19 Wend. 285.   *Warfield* v. *Holbrook*, 20 Pick. 531.

The case of *Buck* v. *Buck*, 2 Vt. 417, extends only to submissions not in writing.   The judge giving the opinion says, " we

XXVI        26

are not at present inclined to open the door to go back of *written* submissions and references that are general, and the awards general."

*Briggs* v. *Brewster*, 23 Vt. 100, involved an item *not embraced in the submission*—of course not concluded by the award. The remarks of REDFIELD, J., upon the law of the subject generally, indicated that in this case, the plaintiff might be regarded as estopped to sue on the notes. It is claimed by defendant, that the plaintiff is indeed so estopped, if there is any form of authority in the cases from Westminster Hall, or from the courts of New York and Massachusetts.

The case of *Wheeler* v. *Van Houten, ubi supra*, puts the doctrine on its true ground, as between the effect of a judgment and an award. (See last clause of opinion of court.)

The case of *Rover* v. *Farmer*, 4 Term 146, and *Golightly* v. *Jellicoe*, cited in the note are not in opposition to the other cases. See remarks of BRONSON, J., in 19 Wend. 288. Also 15 East. 213, and *Wheeler* v. *Van Houten.*

The opinion of the court was delivered by

ISHAM, J. The questions in this case arise upon a general demurrer to two special pleas in bar; in each of which the defendant has pleaded a submission to arbitration of all matters in dispute between them, and award of the arbitrators made in pursuance of that submission. The replication admits the submission and award as stated in the pleas; and the demurrer to the replication admits, that the notes mentioned in the declaration, were not presented to, or adjudicated by the arbitrators, in making their award. In the second plea, it is stated that a [controversy had arisen between these parties concerning their book accounts, and that other matters of dealing and dispute existed between them, and for the purpose of adjusting the matters in controversy, the parties, by their mutual agreement in writing, under their hands and seals, agreed to submit the same to arbitration. This plea contains the averment, that the notes described in the declaration were a part of the matters in dispute, and in controversy, and that on the 8th day of December, 1851, the arbitrators made and delivered their award, in pursuance of that submission. The question arises, whether that submission and award is a bar to a recovery on these

Robinson *v.* Morse.

notes, when they were not included in the award, and were not the subjects of investigation by the arbitrators.

It sufficiently appears from the averment, in this plea, that the notes were included in the submission, as being matters in dispute and controversy between the parties, and might have been settled in the award of the arbitrators, if they had been presented for that purpose. The averment of that fact, and the admission of its truth by the demurrer, becomes material, as otherwise, from the cases of *Rover* v. *Farmer*, 4 Term 146, and *Wheeler* v. *Van Houten*, 12 Johns. 311, it would seem that the notes were not submitted, and consequently, that the award would be no bar to a recovery on the notes. The notes in this case being included in the submission of the parties, as matters then in controversy between them, the authorities fully establish the principle, that where the submission is by deed, an award made in pursuance of it will be a bar to any action brought for the recovery of any matters that were included in the submission. In Russell's Arbitrator 339, it is said; " that after an award had been made, no action can be maintained for any matter in difference within the scope of the submission, though it were not in fact brought before the arbitrator. Parties, therefore, must be careful to bring forward at the time of the reference, every claim within the submission on which they intend to insist." This rule is sustained by the case of *Smith* v. *Johnson*, 15 East. 213, and by the case of *Dunn* v. *Murray*, 9 Barn. & Cress. 780. The same rule has been adopted in New York in the cases of *Wheeler* v. *Van Houten*, 12 Johns. 311, and *Fidler* v. *Cooper*, 19 Wend. 285. In the last case the court remarked, " that the rule may sometimes operate harshly, but it is nevertheless a salutary principle from which we cannot depart, without the danger of defeating the beneficial ends intended to be answered by allowing parties to submit their controversies to judges of their own selection." The same principle is recognized in Connecticut in the case of *Bunnell* v. *Pinto*, 2 Conn. 431, and Massachusetts in the case of *Warfield* v. *Holbrook*, 20 Pick. 534.

It is to be observed, that there is no pretense in the case, that the omission to present these notes to the arbitrators, arose from any mistake, forgetfulness or accident, or that the arbitrators refused to render their award upon any matters submitted to them. If that had been the case, the matter might have been replied,

and the question directly presented, whether under these circumstances, the award would be a good bar to a suit for the recovery of the claims so omitted in the award. 1 Barn. & Adol. 723. 2 Adol. & Ellis 752. But as the case now stands, no such questions are presented. It is the simple case of a submission of these notes, with other claims, as matters of dispute, under the hands and seals of these parties, to arbitration; an award made in pursuance of that submission, and an intentional withholding of these notes from the examination and decision of the arbitrators. Under such circumstances the award is clearly a bar to this suit. Whether this principle would apply in cases of a parol submission, we are not called upon to decide. It was so applied in *Wheeler* v. *Van Houten*, 12 Johns. 311; but a different rule was adopted in the case of *Buck* v. *Buck*, 2 Vt. 417; though the rule in that case was strictly confined to parol submissions; the court observing, "that they were not inclined to open the door to go back of written submissions, that are general, and the awards general."

In cases of judgments at law, they are a bar only to matters actually adjudicated and determined, and will be no bar to a distinct cause of action not investigated. In those cases, the party is under no obligation to unite distinct causes of actions in his declaration, or present them for determination. But where an obligation of that kind exists, as it does where the parties have agreed under hand and seal to submit the matters, then the adjudication or award, becomes conclusive, and is a bar to any matter, which they have agreed to, and which is included within the submission.

The judgment of the County Court is affirmed.