## Lewis Robinson *v.* Asa Morse.

### *Arbitration.*

A submission reciting that "whereas, a controversy is now existing between A. M. and L. R. concerning the settlement of book accounts and all other deal and disputes between them, the said parties," and agreeing "to submit all of said controversies which we cannot settle ourselves, if any there should be," does not include matters of deal between them about which there is no controversy, and they are therefore not barred if not presented to the arbitrators, and included in their award.

ASSUMPSIT.    The declaration counted upon two promissory notes.

The defendant plead that after the making of the supposed promises, and before the commencement of this suit, on the 28th of November, 1851, a controversy had arisen and was existing between the plaintiff and the defendant of and concerning the settlement of book accounts and all other deal and disputes

between them, for the adjusting of which they by their mutual agreement in writing, and under seal, agreed to submit all of said controversy which they could not settle themselves, if any there should be, to the decision and arbitration and final award of Solomon Keyes, Shobal C. Shedd and Esek W. Adams, and covenanted each with the other in all things to keep, observe and abide the decision. and award that should be made by said arbitrators, and that said parties could not nor did settle any part of said controversy, or of the said matters about which said controversy had arisen ; and that said arbitrators having taken on themselves the burthen of the said arbitration, a hearing was duly had by and before them in the premises, and the plaintiff was, upon said hearing, called on and requested by the defendant to bring forward and present before and for the consideration and award of said arbitrators all the claims he then held or had against the defendant; and afterwards, on the 8th of December, 1851, the said arbitrators made their award in writing, of and. concerning the premises so referred and submitted as aforesaid under their hands, ready to be delivered to said parties, by which they awarded that, &c., (stating the award).

The defendant also filed a further plea, substantially the same with the above, except that after the allegation that the said parties could not nor did settle any part of said controversies, or of said matters about which said controversy had arisen, there was the following additional averment: " and that said notes set forth and counted upon in the plaintiff's said declaration constituted a part of the deal and subject of disputes between the said parties so submitted as aforesaid."

To these pleas the plaintiff replied that said two notes in said declaration mentioned and counted upon, nor either of them were, at the time in said pleas mentioned, matters in dispute between this plaintiff and this defendant, nor were the said two notes, or either of them, any such matters in controversy as the said plaintiff and defendant could not settle, nor were said two notes, or either of them, presented to or considered by said arbitrators in making their said award, nor did said arbitrators consider or award upon said two notes, or either of them, between the said plaintiff and defendant.

To this replication the defendant rejoined, that the said parties

could not nor did settle any part of the controversy which had arisen and was existing, as is set forth in said pleas, and that said notes set forth and counted on in the plaintiff's said declaration constituted a part of the deal and subjects of dispute between the said parties so submitted as in said pleas is set forth and alleged.

The issue presented by the foregoing pleadings was tried by the court, December Term, 1856,— UNDERWOOD, J., presiding.

It appeared that said notes had never been paid, and that the amount due upon them was thirty-three dollars and thirty-one cents; that there never was any actual dispute between the parties in relation to them until this suit was brought; that on the 6th of April, 1848, when one of said notes was about to be barred by the statute of limitations, the plaintiff called on the defendant to do something to prevent its being barred, and the defendant paid twenty-five cents for that purpose, which was then endorsed on that note.

No dispute was had on the trial about the execution of the notes; and it further appeared (the defendant having put into the case the submission and award named in the pleadings) that on the hearing before the arbitrators, which lasted two or three days, the plaintiff was called on several times to bring in all his claims before the arbitrators, but that these notes were not specifically named at all, though both parties knew of their existence at the time, and that they were then outstanding and due; said notes were not brought before said arbitrators, nor did it appear that said notes had ever been spoken of by the parties from the time said twenty-five cents was endorsed until after the award was made, nor were they considered or awarded upon by the arbitrators.

The court found that said notes were part of the deal between the parties existing at the time said submission was made, and that said submission embraced every matter of deal or claim existing and not settled by them before the hearing before said arbitrators, and that said arbitration was designed and understood by the defendant to be a final adjudication of all matters of deal or claim existing between said parties at the time of said arbitration; and upon those facts the court rendered judgment for the defendant, to which the plaintiff excepted.

The submission above referred to was as follows:

" Know all men by these presents that whereas, a controversy is now existing between Asa Morse, of Reading, county of Windsor, and state of Vermont, and Lewis Robinson, of the same place, concerning the settlement of book accounts and all other deal and disputes between them, the said parties,

" Now, therefore, we, the said Asa Morse and Lewis Robinson, do hereby agree to submit all of said controversies which we cannot settle ourselves, if any there should be, to the decision of and arbitration of," &c., naming the arbitrators, and the time within which they were to make their award, and concluding with stipulations to abide by and perform the award.

*S. Fullam*, for the plaintiff.

*Converse & Barrett*, for the defendant.

The opinion of the court was delivered by

REDFIELD, CH. J. It depends' a good deal upon construction what the issue in this case is. The parties in drawing it up seem to have followed a good deal the phraseology of the submission. This in its preamble recites that " whereas, a controversy is now existing concerning the settlement of book accounts and all other deal and disputes between them, the said parties." And the submission is " of all said controversies which we cannot settle ourselves, if any there be." These very terms are introduced into the pleadings. And the issue seems to be, whether matters of deal, not in controversy, were agreed to be included in the award, and so are barred because they are not included.

It does not seem to us that upon any fair construction, either of the pleadings or the submission, (which is not otherwise in the case than as it is identical with the pleadings,) it can be said, that matters of deal not in controversy were to be submitted to the arbitrators, and included in the award. There might be controversy about settling all the deal, and still the controversy not extend to all. If there were any controversy about any portion of the deal, there would be a controversy which hindered the settlement of all the deal, and that is all that seems to be implied in the submission.

The terms of the submission are "all controversies" in the first instance. Then follows an exception from the existing controversies of all such as they could themselves settle, that is, we suppose, such as they *should* settle before the hearing.

This exception shows very clearly that no settled matters of deal, or even such as the parties should settle before the hearing, should come before the arbitrators. These notes, then, according to the finding of the court, were not within the pleadings, or submission, and are not barred, upon any view of the law.

We have not undertaken to dissect the pleadings minutely, because it is not claimed, upon either side, that they include these notes, unless the submission does, and on one side it is claimed that the pleadings do not include as much as the submission. It is possible there might, in case of doubtful construction, be something made of that argument, as in pleadings the stronger construction is against the pleader, inasmuch as it was in his power to render it more specific, if he dared incur the hazard of variance. And if he chose not to do it, there might fairly arise a presumption that he thought it not safe to give it that construction in terms, or he would have done so. But it did not become necessary to go into this.

In regard to the law upon this somewhat vexed subject, we have no occasion to say more than to refer to *Briggs* v. *Brewster,* 23 Vt. 100; *Robinson* v. *Morse,* 26 Vt. 392.

Judgment reversed. Case remanded.