IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY,

AT FEBRUARY TERM, 1861.

---

### ABRAHAM VEGHTE vs. HENRY V. HOAGLAND.

1. An agreement was made between V. and H., giving V. power, authority and permission to erect a mill-dam on the land of H., to fill up a certain ditch thereon, if he found it to his interest so to do, and dig another ditch, and to do such other work and acts as might be necessary in the construction of his mill; and it was further agreed that all damages sustained by the privileges granted should be paid, and that they should be assessed by arbitrators, one chosen by each party, and in case of disagreement they to choose a third, and the report of any two of them to be final and conclusive between the parties. *Held,* that the damages contemplated by the agreement were entire; that they were the subject matter of one submission and award, which would be final between the parties.

2. The party granting the privileges parted with them, and the other party acquired them irrevocably as soon as the agreement was executed; they then became a burthen upon the land, and the grantor might have immediately called for an appraisement of the damages sustained by the burthen created upon his estate.

3. There could be but one award under that agreement; and an award made at a certain time, though purporting to be only for damages to that time, yet was final and conclusive as to all damages submitted, or which

might have been submitted to arbitrators chosen to assess the damages; and a plea setting up an award, and payment thereof, is a good plea in bar to an action brought for damages under the agreement:

4. Where damages are entire, an award upon them, although part are omitted, extinguishes the whole.

In error to the Somerset Circuit Court.

The facts sufficiently appear in the opinion of the court.

Argued at November Term, 1860, before WHELPLEY, C. J., and Justices OGDEN and VAN DYKE.

*Brown* and *Beasley*, for plaintiff in error.

*Ransom* and *Field*, for defendant.

The opinion of the court was delivered by

WHELPLEY, C. J. This case comes before the court by writ of error to the Somerest Circuit Court. The judgment was in favor of the defendant in error, for damages sustained by breach of an agreement under seal, entered into between the parties on the 23d July, 1838, by which Hoagland, in consideration of one dollar, covenanted to allow Veghte full power, authority and permission to erect a mill-dam on the land of Hoagland, at Griggstown, in Somerset county, at a bend of the Millstone river, and full power, authority and permission to stop a large ditch that then led from above the dam of the mill, formerly in the possession of William C. Elmendorf, to a point below the dam; and Veghte agreed to stop up the said ditch, provided it should be found to his interest to do so; and that he should dig a ditch from the above-mentioned ditch, through the lowlands of the plaintiff, to fall into the river below the said new dam; and the plaintiff agreed to grant to defendant full power and authority and permission to dig the said last-mentioned ditch; and further, that defendant should have authority and permission to go upon the land of the plaintiff, with

Veghte v. Hoagland.

wagons, horses, and workmen, as might be necessary to complete the said dam and the stopping up and digging of the said ditches, and such other work as might be necessary in the construction of his mill and the appurtenances thereunto; and it was agreed between the parties that all damages sustained by the said plaintiff, by reason of the privileges and authority therein granted to the defendant, should be paid by the defendant to the plaintiff, which damages were to be appraised by two disinterested persons, one selected by each of the parties to the agreement; a third to be selected by the two, in case of their disagreement. The report of any two of them to be final and conclusive between the parties.

To this declaration the defendant filed six pleas, to the third, fourth, fifth, and sixth of which the plaintiff demurred. The demurrer was sustained as to all the pleas demurred to; and after a trial upon the issues joined upon the first and second pleas and verdict for the plaintiff, the case is brought here, and errors assigned upon the judgment on the issues of law and upon the charge of the court to the jury.

The declaration sets forth, as a breach of the agreement, that the plaintiff permitted the defendant to erect, and that he did erect the mill-dam as stipulated; and that the defendant stopped up the ditch, and dug the other ditch specified in the agreement; and that defendant went upon the lands of plaintiff with wagons, horses, and workmen, and completed the dam, and stopped up and dug the ditches, and did such other work as was necessary in the construction of the mill and its appurtenances; that by reason thereof, the waters of the Millstone were made to overflow the lands of the plaintiff, from the 22d November, 1849, to the commencement of the suit, whereby the lands of the plaintiff were greatly injured by water soaking and washing away, and the fences on the land were carried away, and the horses and cattle of plaintiff pasturing the lands were carried away, *per quod* the plaintiff sustained damages in manner afore-

said, and the plaintiff was thereby deprived of the use of his land from the 25th of November, 1849, to the commencement of this suit; that the defendant, on the 28th May, 1855, was requested to pay the damages sustained, and refused to do so; that on that day plaintiff selected, under the agreement, David Dunn to appraise the said damages, and requested the defendant to select another person to act with him, as specified in the agreement, and that the defendant neglected and refused, and still neglects and refuses to do so.

The third plea is in bar of the action, and sets up the appointment under the agreement, on the 1st of October, 1845, of persons to assess the damages, as in the agreement prescribed, and an award made by them on the 13th of October, 1845, in writing, of and concerning the premises, and that they awarded, of and concerning the damages referred to them, for damages and loss sustained by the plaintiff by the erection of the said mill-dam, up to the 13th October, 1845, as follows: two acres and a half of the said meadow lot washed away so as to be valueless, $150; one acre damaged in part, $25; other damages, $100.

The plea avers payment of this award to plaintiff.

Without stating in detail the allegations of the three other pleas demurred to, it is sufficient here to say that the fourth and fifth pleas set up the making of two subsequent awards and the payment of the moneys awarded to the plaintiff by defendant.

The last plea sets up as a bar that the plaintiff refused, on request of the defendant, to limit the submission to damages not included in the former awards, and that for that reason defendant refused to appoint an arbitrator.

The main point relied upon for the reversal of the judgment goes to the merits of the plaintiff's case, and will be first considered.

1. That the damages contemplated by the agreement were entire, the subject matter of one submission and one award, which should be final between the parties.

Veghte v. Hoagland.

2. That, although the award on its face was only for the damages sustained up to a certain time by reason of the acts done under the agreement, yet it was final as to all damages submitted, or which might have been submitted to the arbitrament of the persons chosen to assess the damages.

The agreement was for the sale of certain privileges by the plaintiff to the defendant: the erection of a mill-dam on the lands of plaintiff; the stoppage of a certain ditch on the plaintiff's land; the cutting of a new ditch over the plaintiff's lowlands; the doing upon the plaintiff's land of all work necessary to complete the dam, stop up and dig the ditches, and all other work necessary in the construction of defendant's mill.

The parties were not able to agree as to the price to be paid for these privileges, and agreed to leave the assessment of the price to arbitrators, who were to appraise all damages sustained by the plaintiff by reason of the privileges and authority granted to the defendant; the award was to be final and conclusive between the parties.

The damages sustained by reason of the privileges granted was the extent to which the value of the plaintiff's lands was impaired by having these burthens imposed on them by having them exposed to the damages incident to the exercise and enjoyment of such privileges.

The plaintiff parted with the privileges, and the defendant acquired them irrevocably, as soon as the agreement was executed.

No time is fixed when the appraisement was to be made or the privileges exercised. As soon as the burthen was fastened upon the plaintiff's lands, their value was injured—he sustained damage. He could not sell them with this encumbrance upon them without a diminution of the price. No reason is perceived why he could not have immediately called for an appraisement of his damages sustained by the granting of the privileges. If the plaintiff's right to the appraisement was not complete as soon

as the privilege passed, when did it arise ?    Might he call for an appraisement, day by day, as the work progressed, or must he wait until all the work was done—all the privileges had been enjoyed ?

It is manifest that we must adopt one of the three periods as the time when the right accrued.  The last would be unfair to the plaintiff.   The second would be grossly unjust and oppressive to the defendant.   The first would be just to both.

The privileges were an entirety.   The design was to enable the defendant to put his mill in operation and carry it on.

The defendant was to be put in a better plight than that of one engaged in a continued trespass.   The damages are spoken of as one sum, to be paid at one time, and that payment to be final and conclusive.   But one appointment of arbitrators is provided for—but one award.

Nor is the phrase damages sustained indicative of another intent, even when considered separate from the context. That term has received a judicial construction in a case analogous in many of its leading features to the present. *Vanschoick* v. *The Delaware and Raritan Canal Company, Spencer* 249.

As to the second point.   Was the award, although partial on its face, conclusive as to all the matter submitted, that is, the price of the privileges granted ?

This is to be determined upon the legal operation of an award made under such a submission, where the money awarded has been accepted as money awarded under the stipulation that it was to be final and conclusive between the parties.   No agreement is set forth that such an award was made in pursuance of any agreement of the parties different from that in the covenant ; nor is it conceived that this would make any difference if it were so.

For aught that appears, the plaintiff claimed damages for all the injury to his lands caused by the granting of the privileges.

It does not appear on the award why the arbitrators limited the scope of their award, or 'that they did not decide that the damages awarded were all that could be compensated under the agreement. In making the award, the principle of giving the annual damage arising from the loss of the use of the land, if adopted, was not adhered to. They gave the whole value of two and a half acres and the partial value of one acre, and for other damages one hundred dollars. What these were, whether past or prospective to the annual or absolute value of the land, does not appear.

The bar set up is the agreement to arbitrate—the submission unqualified in its terms—the award giving all damages up to a certain time—the payment of the money.

The demurrer admits all these facts.

I think the plea as pleaded a good bar.

The award is conclusive as to all the matters referred; they are *res adjudicatæ*. In *Kendall* v. *Stokes*, 3 *Howard* 97, Chief Justice Taney remarks—Can a party, after reference and award, and the receipt of the money awarded, maintain a suit on the original cause of action, upon the ground that he had not proved before the referee all the damages he had sustained, or that his damage exceeded the amount which the arbitrator awarded? We think not. The rule on that subject is well settled. It has been decided in many cases, and is clearly stated in *Dunn* v. *Murray*, 9 *B. & C.* 780.

In that case Lord Tenterden, delivering the judgment of the King's Bench, said—In the case of *Smith* v. *Johnson*, 15 *East* 213, Lord Ellenborough lays it down, that where all matters in difference are referred, the party, as to every matter included in the scope of such reference, ought to come forward with his whole case. It was the duty of the plaintiff to bring it before the arbitrators if he meant to insist upon it as a matter in difference, and he cannot now make it the subject matter of a fresh suit.

In *Fidler* v. *Cooper*, 19 *Wend.* 286, Bronson, J., said—

An award properly made in pursuance of the authority conferred on the arbitrators is conclusive as to all matters to which the submission extends, whether any particular matter included in the submission was laid before the arbitrators or not. *Wheeler* v. *Van Houten*, 12 *Johns.* 311; *Reeve* v. *Farmer*, 4 *T. Rep.* 146, and *Golightly* v. *Jellico*, only establish the principle that when the submission does not include all demands, but only such as are in difference, parol evidence may be received to show to what the submission extended, what matters were in difference, that is only to apply the submission to the subject matter.

The English cases may be considered uniform, that the award is final as to all matters to which the submission refers.

Nor does the error of the arbitrators or the parties, as to the legal effect of the submission, limit the operation of the award in a court of law. *Vanschoick* v. *Delaware and Raritan Canal Co., Spencer* 249; *Wheeler* v. *Van Houten*, 12 *Johns.* 311.

Sound policy requires that the conclusiveness of judgments and awards, as to all matters within the issue, should be maintained.

The award and submission are the best evidence what the arbitrators passed upon. To permit proof that matters within the submission were not allowed, opens a wide door for fraud, perjury, and oppressive litigation.

The award in this case can hardly be said to be in fact for part only of the plaintiff's damages. The declaration alleges that all the privileges granted had been exercised before the request to appoint an arbitrator. The dam had been built, the ditch stopped, and the other opened, and the mill had been completed. The record does not show that any act was done under the agreement after the making of the award pleaded. Nor is there any averment of any damage sustained after the award. Why should not the award and payment be considered, *prima facie* at least, a bar to the recovery of any damages until it is shown that some accrued after the award made.

The damages being by the agreement entire, an award upon them, although part were omitted, extinguishes the whole. An entire claim cannot be split up into several causes of action. *Baker's Executors* v. *Baker*, 4 *Dutcher* 13.

The third plea was a good bar to the action. The judgment of the court below should for that reason be reversed.

REVERSED, 1 *Vr.* 516.