# TOWN OF RUTLAND

v.

# TOWN OF WEST RUTLAND.

MAY TERM, 1895.

*Conclusiveness· of award as to matters not considered.
Division of Rutland and West Rutland. Memorial hall.*

1.   The defendant town was created by act of the legislature out
     of territory formerly comprised within the limits of the
     plaintiff town.  It was provided by the act creating the de-
     fendant, that the town property situated within the limits
     of the plaintiff and defendant should belong to each re-
     spectively, to be accounted for at its value, and that the in-
     debtedness of the original town should be shared between
     the two in proportion to their grand lists.  It was further
     provided that if the parties could not agree as to the value
     of the property or the amount of the indebtedness, a com-
     mission should be appointed whose award in the premises
     should be final.  The defendant became a town March 1,
     1887.  The two towns were unable to agree upon the
     division of the property and indebtedness, and a commis-
     sion was appointed for that purpose, which made its award
     November 1, 1887.  The plaintiff claimed that it was
     agreed that orders drawn after March 1, should not be pre-
     sented to this commission, but should be left for future
     adjustment.  The jury found that there was no such agree-
     ment.  *Held*, that the defendant could not recover on in-
     debtedness of the original town, which had been paid and
     liquidated before the commission made its report.

2.   The plaintiff might recover in respect to an indebtedness of
     the original town which was not adjusted and paid until
     after the award of the commission, and this would be so in

case of damages for the laying of a highway which was wholly within the limits of the plaintiff and which was not actually constructed until after the division, although it had been laid out before.

3.   Memorial Hall was situated within the limits of the plaintiff and was in process of erection at the time the act creating the defendant was passed.   That act provided that if the money already raised for that purpose was not sufficient to complete Memorial Hall according to the plans and specifications agreed upon, the defendant should contribute to its completion in proportion to its grand list.   The jury found that subsequent to March 1, 1887, the plans and specifications were substantially altered; that it would have cost $15,450.875 to have completed the building according to the original plans and specifications; that the plaintiff town had actually expended $39,942.59 in its completion and that it had received but $4,958.55 from moneys provided at the time the act was passed.   *Held*, that the plaintiff could recover of the defendant its portion of the difference between what would have been required to complete the building according to the original plans and specifications and the amount which the plaintiff had received for that purpose.   .

General assumpsit.   Plea, the general issue with notice. Trial by jury at the September term, 1894, START, J., presiding.   The court submitted no general verdict to the jury, but did submit certain special verdicts.   Judgment for the defendant upon these verdicts.   The plaintiff excepts.

The facts sufficiently appear in the head notes and opinion.

*C. L. Howe*, City Attorney, for the plaintiff.

*Butler & Moloney* and *C. A. Prouty* for the defendant.

The plaintiff is concluded, by the report of the commissioners, from recovering in respect to all the indebtedness which was known at the time the commissioners made their award.   1 Her. Est., p. 1416; *Squires* v. *Whipple*, 2 Vt. 111; *Hayward* v. *Clark*, 50 Vt. 612; *Morey* v. *King, Fuller & Co.*, 51 Vt. 383; *Robinson* v. *Morse*, 26 Vt. 392;

*Belknap's Est.* v. *Central Vermont Rd. Co.*, 39 Vt. 168;
*Fidler* v. *Cooper*, 19 Wend. 285.

START, J.   By No. 138 of the Acts of 1886, the town
of West Rutland was created out of territory previously
embraced within the limits of the town of Rutland.   This
act provided that the indebtedness of the original town
should be apportioned between the two towns upon the
basis of the grand list within their respective limits.   It was
provided that, if the selectmen of the two towns could not
agree, the presiding judge of the Rutland County Court
should appoint three commissioners to make such appor-
tionment.   The selectmen did not agree and commissioners
were appointed.   The commissioners heard the parties and
made their report.   The plaintiff contended in the court
below that, upon the hearing before the commissioners, it
was agreed that all orders drawn March 1, 1887, or subse-
quent thereto, should not be considered by the commission-
ers in determining the amount of the indebtedness of the
original town, but should be left for future adjustment be-
tween the towns.   The jury found there was no such agree-
ment, and the court held that the plaintiff could not recover
in respect to items that had accrued and were liquidated at
the time of the hearing before the commissioners.

This holding was correct.   The commissioners were ap-
pointed for the purpose of ascertaining the total amount of
the existing indebtedness of the original town of Rutland.
It was the duty of the plaintiff to present all known and
liquidated indebtedness to the commissioners for allowance;
and, if it omitted to do so, it cannot now recover by reason
of items then known and liquidated but omitted.   It is not
claimed that these items were omitted from the considera-
tion of the commissioners by mistake, but it is claimed that
they were withdrawn from their consideration by agreement.
The jury having found that there was no such agreement,

it must be conclusively presumed that all known and liqui-
dated indebtedness was ascertained and apportioned by the
commissioners; and the plaintiff is concluded by the award
of the commissioners. *Robinson* v. *Morse*, 26 Vt. 392;
*Belknap* v. *Central Vermont Rd. Co.*, 39 Vt. 168.

The item of one hundred ninety-nine dollars and ninety
cents was adjusted by the selectmen of both towns after the
commissioners made their report, and it was agreed that the
same should be treated as an indebtedness of the original
town. The item of one hundred dollars for land damages
was not adjusted until after the report was made. The de-
fendant claims that this item is for land damages paid on
account of a highway laid within the territorial limits of the
plaintiff town and not built until after the division. The
exceptions do not show where this highway was located or
when it was built. The item of two hundred twenty-four
dollars and ninety-eight cents is for legal services in litiga-
tion that was pending at the time the hearing was had be-
fore the commissioners.

These items that have accrued or been liquidated since
the hearing before the commissioners must be regarded as a
part of the indebtedness of the original town of Rutland, but
the sum due in respect to these items should be deducted
from the sum of one thousand seven hundred fifty-four dol-
lars and sixty-five cents which the plaintiff has received to
apply upon the indebtedness of the original town of Rut-
land from taxes that were uncollected at the time the hear-
ing was had before the commissioners; and as the share of
the defendant in that amount is more than the amount due
the plaintiff in respect to the above items, the judgment
rendered by the court below in favor of the defendant, so
far as it related to these items, was correct. It is found by
the jury that the one thousand seven hundred fifty-four dol-
lars and sixty-five cents mentioned above was received by
the plaintiff to apply upon the indebtedness of the original

town of Rutland.  In view of this finding the defendant is not entitled to have the balance of this sum applied in part payment of the sum expended by the plaintiff, after the division of the original town, in completing Memorial Hall. That was not an expenditure of the original town of Rutland.

The act creating the defendant town provides that, in case the money raised for the erection of Memorial Hall shall prove insufficient to complete the same according to the plans and specifications agreed upon, the defendant town shall contribute its share toward the completion of the same as agreed, in proportion as its grand list is to the grand list of the whole town.  The plaintiff expended in the completion of Memorial Hall the sum of thirty-nine thousand nine hundred forty-two dollars and fifty-nine cents, and has received from money raised or provided for at the time the act creating the defendant town was passed, to apply upon the expenditure thus made, the sum of four thousand nine hundred fifty-eight dollars and fifty-five cents; and it seeks, in this action, to recover of the defendant its proportion of the balance of the expenditure thus made.  It is found that the plans and specifications for Memorial Hall were substantially changed after the division of the original town, and that the sum necessary to complete it according to the plans and specifications that were agreed upon before the division was fifteen thousand four hundred fifty dollars and eighty-seven cents.  The defendant claims that it is under no obligation to contribute anything toward the payment of the expense of completing it, because the plans and specifications were substantially changed after the division of the town.

Memorial Hall was being constructed by the original town at the time the act creating the defendant town was passed, and plans and specifications for its completion had been drawn and some of them agreed upon.  It was located

in that portion of the original town which is now the plaint-
iff town. It is clear that the legislature, in passing the act,
considered the location of the hall such that the defendant
town would have no interest in its completion, and would
be under no duty to contribute to its completion unless re-
quired to do so by the act creating it. The legislature, in
creating the defendant town, could say on what terms and
conditions it should cease to be a part of the old town and
become an independent municipality. It has seen fit to pro-
vide that the defendant town pay, as a consideration for its
creation, its proportion of the expense of completing the
hall according to the plans for its completion agreed upon;
and we see no reason why it is not liable to this extent.
The hall has been completed by the plaintiff at an expense
far in excess of the sum that would have been required if
the plans had not been changed, but the defendant is not
affected by this change, nor is its liability increased thereby.
The expense of completing the hall according to plans that
had been agreed upon at the time of the division could be
ascertained with a sufficient degree of certainty. The jury
have found what sum would have been required for this
purpose, and, nothing appearing to the contrary, it is to be
presumed that the finding was upon sufficient and compe-
tent evidence. The plaintiff claims that the defendant
should contribute to the payment of the entire expense in-
curred in completing the hall according to the changed
plans. The act dividing the town imposes no such duty
upon the defendant. Its liability is limited to contributing
its proportion toward the payment of the necessary expense
of completing the hall in accordance with plans and specifi-
cations that had been agreed upon at the time the act was
passed. To this extent the defendant must be held liable.
The defendant is also liable for the balance due upon the
award of the commissioners.

*The pro forma judgment is reversed, and judgment ren-*

*dered for the plaintiff to recover two thousand seventy-six dollars and twelve cents, with interest from the date of the writ, and its costs.*